PENDLETON, President.
Delivered the resolution of the Court to the following effect:
There is no doubt, but the cause was improperly heard for the want of the necessary parties. The executors or administrators of Henry, and not the heir, ought to have brought the suit; and if none such, it ought to have been suggested in the bill, and all the other children should have been made parties. The representatives of Robert Harrison ought also to have been before the Court, as they might have had if in théir power to have shewn payment or satisfaction. So that there is clear error upon these grounds; -and, therefore, the decree must he reversed, and the cause remanded to the Court of Chancery for proper parties to be made.
It would be impropér to decide upon the merits at this time; and', therefore, we avoid it, as circumstances and facts hereafter to be proved, may change our opinion. At the same time though, we have no difficulty in declaring our present impression to be, that if no change is produced by testimony hereafter taken, that the act of limitations will be a bar to the plaintiff’s claim. It is true, that the statute does not run in favor of trustees; as between trustee and cestui que trust, mortgagor and morgagee, so long as the confidence may fairly be presumed to continue. But then, it runs both in equity and at law, in favor of disseisors and tortfeasors. * In this case, both mortgagor and mortgagee were *373 out of possession; and there was possession and a title, in another, adverse to that of them both. There is no positive direction in the statute that the Court of Chancery shall be bound by the periods prescribed in the law; but that Court adopts them by analogy to the rules of law;† and there is a strong reason why the rule'should apply here; as Henry was present at the sale and did not forbid it; thereby, misleading the purchaser into a belief, that he might buy with safety.
These are our present impressions; but we desire it may be understood, that what is now said, will not bind tbe parties hereafter; and preclude-them from further investigation. Nor do we consider ourselves as bound by it, in case the cause should ever come before the Court again.

[* The statute oflimitations does not run in favour of trustees; so long as the confidence may fairly be presumed to continue. But it runs both in equity and at law, in favor of disseisors and tortfeasorso
See Smith v. Clay, 3 Bro. C. C. note 639-40; Stackhouse v. Barnston, 10 Ves. jun. 466; Beckford et al. v. Wade, 17 Ves. jun 96-97; Sportswood v. Dandridge et al. 4 H & M. 139; Redwood v. Reddick, 4 Munf. 222.

[† Smith v. Clay, 3. Bro C.C. 639; Medlicott v. O’Donel, 1 Ball & Beat. ty, 166-167.]

Cholmondeley v. Clinton, 2 Meriv, 360; Deconche v. Savetier, 3 Johns, Ch. R. 215.]