5 How. 414–FOLLOWED, 6 How. 241.  Contra, 5 467; 6 Id. 315, 316.

SUPREME COURT.

Gridley agt. McCumber.

The nature and office of an execution is not changed by the Code; as formerly, it can only issue to *enforce the judgment*. It can not be predicated upon an *order of arrest*, alone.

If the judgment does not show that the action is wholly in tort, a *ca. sa.* can not issue founded upon the order of arrest, previously issued under § 179, sub. 4 of the Code.

*Jefferson Special Term, January* 1851. This action was commenced in December 1849, to recover a balance due from the defendant, arising out of partnership transactions of the parties, and also to recover some items of private account. It is alleged in the complaint that a portion of the partnership indebtedness arose from the secret and fraudulent conversion of some of the company effects.

At the commencement of the suit the plaintiff procured an order to arrest the defendant under section 179, sub. 4 of the Code, upon affidavits setting forth that the defendant fraudulently contracted the debt, or incurred the obligation for which the suit was brought. The defendant was arrested, and without moving to vacate the order, gave bail and was discharged under section 186. The cause was tried before referees, who reported generally that the defendant was indebted to the plaintiff in a certain sum.

An execution against the property of the defendant was issued

and returned unsatisfied, and thereupon a *ca. sa.* was issued, and the defendant arrested. This motion is now made to set aside the *ca. sa.*, as not warranted by the judgment.

MANN & EDMONDS, *for Defendant.*

CLARKE & COLVIN, *for Plaintiffs.*

HUBBARD, Justice.—The ca. sa. is sought to be sustained on two grounds. 1. That it is authorized by the judgment; and 2. That aside from the judgment it can be upheld by the order of arrest. The first point is manifestly untenable. The principle of the execution in this case is, that the debt was fraudulently contracted or incurred. There is no such distinct averment or issue presented in the complaint. It is true that some of the partnership effects, which form a portion of the plaintiff's claim, are alleged to have been fraudulently contracted; but it is to be observed that the action is not *trover* but *assumpsit;* and besides, this averment of fraud, has relation only to a part of the indebtedness sought to be recovered. The *judgment* does not, therefore, authorize the ca. sa.

The important question to consider on this motion is, whether a personal execution can be based upon an order of arrest, *dehors* the judgment in the action. Before the Code of Procedure the object and office of the execution was well understood; it issued to carry into effect the judgment (1 *Bur. Pr.* 288). It must strictly pursue the judgment and be warranted by it otherwise it might be set aside on motion. The Code. which now embraces the whole law as to the *form and cases* in which an execution may issue, has not changed the nature and office of this writ. This is obvious by reference to sections 283, 286 and 289. These sections speak of the *enforcement of judgments,* or the provision of the execution. The whole object of the process is to enforce the sentence of the court or the law in the action, as appears on the judgment.

The order of arrest, it seems to me, takes the place of the order to hold to bail under the former system. Its office is to seize the defendant and hold him in custody as auxiliary to an anticipated

ca. sa. upon the judgment.   That this is the intent of the Code, will appear from section 187, which prescribes the mode of release from imprisonment under the order.   An undertaking is to be executed, conditioned that the defendant shall at all times render himself amenable to the process of the court during the pendency of the action, *and to such as may be issued to enforce the judgment therein.*

The vitality of the order is exhausted with the arrest and discharge, and the plaintiff must look to the undertaking for all further advantages resulting from the order.   It seems to me, clearly, that the order can not thereafter, nor under any circumstances be made the ground work of a *capias ad satisfaciendum.* The legislature, I think, could not have intended so great a change in the office and theory of the process of execution.   The Code, in my judgment, does not materially change the law as it previously existed on the subject of executions, except that it prescribes a *formula* for the writ: the different kinds and primary object remain as heretofore.

I have been referred to a decision of Justice Jones, in 2d *Code Reporter, page* 1, to the effect that an order of arrest may be made upon affidavit irrespective of the case made in the complaint. That decision does not contravene the views I have expressed; *the question of* ca. sa. *was not involved in that case, and hence* it is not an authority in point on this motion.   But with deference to the opinion of the learned justice, I may be permitted to inquire as to the utility of retaining an order of arrest, obtained upon a case made aside from the complaint, when it is obvious, that as no ca. sa. can issue on the judgment, no advantage whatever can be realized, because there can be no breach of the undertaking.

In such a case, the only effect of the order, it seems to me, would be to oppress the defendant, *without benefit to the plaintiff,* except such as might possibly flow from *coercion.* which is not favored in legal proceedings.

It is not necessary that I should decide upon this motion, whether the complaint must set forth a case authorizing an arrest under section 179.   I will remark, however, that it appears to

me that it should, otherwise the *judgment* could not warrant a ca. sa.; and in no other way can it be seen, that under section. 288, which alone authorizes a personal execution, that the "*action* is one on which the defendant might have been arrested as provided in sections 179 and 181." It may be that in this view of the Code, issues might be formed of difficult trial, but that was a subject for the law-makers and not the courts to consider..

The motion must be granted, but without costs, as the questions presented are not settled under the Code.