A. M. Griffin and Wife v. Joseph Lovell, Administrator, etc.

1. Mortgage: Bill to foreclose may be filed by personal represen-
tatives of mortgagee: Heirs of mortgagee need not be made par-
ties.—After the death of the mortgagee, a bill to foreclose the mortgage
may be filed by the executor or administrator of the mortgagee; his heirs
need not be made parties.

2. Same: Reconveyance not necessary: Entry of satisfaction re-
vests title in mortgagor.—Under the provisions of the Rev. Code, art.
14, p. 308, the payment of the debt secured by mortgage to the mortgagee,
or his executor, administrator, or assignee, operates as a satisfaction of
the mortgage, and revests the title in the mortgagor.

3. Chancery practice: Non-joinder of proper parties must be pre-
sented by plea.—In Chancery, the non-joinder of a party, who might have
been made a party, but whose non-joinder does not operate to the prejudice
of the rights of the parties before the court, must be presented by plea;
it will not avail to make the objection at the hearing.    13 Peters, 6–14; 7
Cranch. 69; 10 Wheat. 52; 12 ib. 192; 1 Peters, 306.

Error to the Chancery Court of Adams county. Hon.
James M. Smiley, chancellor.

A statement of the case will be found in the opinion of the
court.

*Carson & Shields*, for plaintiffs in error, cited. Story's
Equity Pl., § 200; 2 Barbour's Ch. Pr. 174.

No counsel for defendant in error.

Shackelford, C. J., delivered the opinion of the court.

This was a bill filed in the Chancery Court of Adams
county, by the defendant in error, to foreclose a mortgage
executed and delivered by plaintiffs in error to John A. Quit-
man, to secure the purchase-money for lands conveyed to said
plaintiffs in error by John A. Quitman.

Quitman died intestate, and Lovell administered upon his
estate.

The bill alleges that one of the notes, given as aforesaid, for three thousand dollars, was past due and unpaid at the time of filing the bill, and asks for a foreclosure of the mortgage, etc., in the usual manner.

The process was duly served, etc. *Pro confesso* was taken, a reference made to the clerk to compute the amount due on the note, etc., and decree of foreclosure, in accordance with the prayer of the bill, was rendered at the return term of the process, etc.

This cause is here by writ of error.

The only error assigned is, that the heirs of John A. Quitman, the mortgagee, should have been co-complainants with defendant in error, or that they should have been made co-defendants with plaintiffs in error. Counsel insist, because the heirs of the mortgagee were not made either defendants or complainants, the decree in the case should be set aside.

If the mortgagee is dead, his personal representative is the proper complainant to bring the bill, for ordinarily the mortgage money belongs to the personal estate or assets of the mortgagee, and draws after it the mortgaged estate as an incident. *Freak* v. *Hearsly*, 2 Freem. Rep. 180; S. C. 2 Eq. Abridg. 77; 1 Cha. Ca. 51; *Bradshaw* v. *Outram*, 13 Ves. 234.

We are cited by counsel for plaintiffs in error to some of the earlier cases, where courts have held that if the mortgage be redeemed, that the heir alone is competent to reconvey. *Scott* v. *Nicholl*, 3 Russ. 476; *Wood* v. *Williams*, 4 Maddox Rep. 186; *Clerkson* v. *Bozer*, 2 Vernon, 67, where the mortgagor, upon payment of the debt, is entitled to have a reconveyance of the estate, as this can only be made by the heir, — "upon the idea that the heir is a trustee of the executor or administrator until the debt is paid, and when it is paid, that he is a trustee of the mortgagor."

If all the parties entitled to the money secured by a mortgage are before the court, it will be sufficient; the administrator of the estate of John A. Quitman, the mortgagee, clearly is entitled to the money due on the note secured, the mortgage being only a security for the payment of the debt, it seems clear that he

is the only party complainant necessary, and the heirs of the deceased mortgagee are not necessary parties to the bill, as a mortgage is now considered a pure personalty.

If we are right in this view of the mortgage, it seems that the reason for the rule insisted upon by counsel having ceased to exist, the rule cannot be made applicable to the case under consideration.

There is no reconveyance necessary under the provisions of our Code. Art. 14, p. 308. The payment of the debt secured by the mortgage to the mortgagee, assignee of the debt, executor or administrator of the mortgagee, operates as a satisfaction of the mortgage, and a revesting of the estate in the mortgagor. Either of these parties can enter satisfaction upon the record of the mortgage, a statement that the debt secured has been paid, " which entry shall discharge and release the same, and shall bar all actions or suits brought thereon, and the title shall *thereby* revest in the grantor."

But even if the counsel were right in their view of the rule applicable to the case, it cannot avail them in the aspect of the case as presented by the record.

The mere non-joinder of a party, who might be a proper party, but whose absence produces no prejudice to the rights of the parties before the court, will constitute no fatal objection at the hearing. 13 Peters' S. C. Rep. pp. 6–14. The objections of counsel came too late. They should have availed themselves of the non-joinder of the heirs of the mortgagee by plea, as it is not apparent on the face of the bill *that they should be made parties*, for it will not avail even to rely upon the objection at the hearing; for if the court can make a decree at the hearing which will do entire justice to all the parties, and not prejudice their rights, notwithstanding the non-joinder, it will not then allow the objection to prevail. *Whiting* v. *Bank of the United States*, 13 Peters' S. C. Rep. 6–14; 7 Cranch. 69; 10 Wheaton's Rep. 152; ib. 181; 12 Wheaton's S. C. Rep. 193; 1 Peters, 306; ib. 7, p. 252.

We are unable to perceive that the rights of plaintiffs in error have been in the least prejudiced by the non-joinder of the

heirs of John A. Quitman, deceased. They could only be considered necessary as mere formal parties, and as the objection to their not being parties to the bill was not taken advantage of by the appellants by plea before the hearing, we think it is too late for them to raise the objection now, as the court would not have sustained the objection on final hearing, if appellants had appeared and defended the bill by answer, unless the plea had been made.

For these reasons we think the decree should not be disturbed.

Let the decree be affirmed.