*Burks, J.,
delivered the opinion of the court.
Many years ago James H. Bently, by deed, settled certain property to the separate use of his wife, Mary E., for her life, with remainder to her children, and in the year 1851 the appellant, Thomas B. Rowe, was appointed by the circuit court of Gloucester county trustee under the deed, and amongst the trust property came to his hands were four hundred dollars in money. He acted as trustee until some time in the month of Eebruary, 1855, when he was displaced by order of court, and the appellee, Thomas S. Taliaferro, substituted as trustee. No portion of this money, nor of the interest which has accrued thereon since the first day of January, 1855, has ever been paid to the cestuis que trust by either . of the trustees, and this suit, commenced in February, 1871, against the trustees to enforce payment, resulted in a decree against the appellant for the principal sum and interest. It is this decree of which the appellant complains.
It was his duty, and a plain one, as soon as the new trustee was appointed, to account with him and make payment of the trust money in his hands. He insists that he made such payment, and that the decree against him was therefore erroneous. We do not propose to go into the evidence, conflicting as it is, which, it is claimed, establishes the payment to his successor in the trust. It is sufficient to say that. in our opinion, it falls far short of relieving him of the liability to the cestuis que trust for which he has been called to account in’this suit. Instead of paying the money as he should have done, he left it with his brother, who was a member of a firm to whom the money had been lent, in violation of the trust, without security of any sort, to arrange and settle the matter with the trustee to whom payment was to be made. *The arrangement made was to turn over to the trustee the unsecured bond of a third party of doubtful solvency, which was never collected, and thus the trust fund was first illegally put to hazard and finally lost. This was a palpable breach of trust in which both of the trustees actively participated, and *597 thereby incurred a joint and several liability to the cestuis que trust. Barksdale & als. v. Finney & als., 14 Gratt. 338.
William H. Rowe was the agent of the appellant in making this arrangement. It was through him that the appellant procured from Taliaferro the receipt upon which he so much relics. He cannot be allowed to claim a benefit, and at the same time repudiate the agency through which it was derived.
The receipt of Taliaferro, although in its terms an absolute acknowledgment of the payment of four hundred dollars in full for money in the hands of the appellant as trustee, is merely prima facie evidence of the fact, and not conclusive; and, therefore, the fact which it recites may be not only explained or varied, but contradicted by oral testimony. This is well settled law. 1 Greenleaf on Ev. § 305; The Deleware, 14 Wall. 579, 601.
But it is further insisted by the learned counsel for the appellant, that if the evidence does not establish the payment, the appellant is protected by ■ laches, lapse of time, and the statute of limitations relied on in his answer to the bill.
The general rule undoubtedly is, that in the _ application of statutes of limitation equity follows the law, and wherever a demand would be barred at law an equitable demand of tile like character will be barred in equity. The bar is applied by analogy, or, according to some authorities, by obedience to the statutory enactment; or, in other words, after a bar has been fixed by statute to *the legal remedy, the remedy in a court of equity has, in analogous cases, been confined to the same period. Choldmondely v. Clinton, 2 Jap. & Walk. Ch. R. 1; Kane v. Bloodgood, 7 John. Ch. R. 90; 1 Call, 419, 438.
In cases, however, of direct or express trusts, such as are known and cognizable only in courts of equity, while they are subsisting, as between trustee and cestui que trust, the statute of limitations has no application, and no length of time is a bar. 2 Perry on Trusts, § 863. It has been held, however, that if a trustee repudiates the trust by clear and unequivocal acts or words, and claims thenceforth to hold the estate as his own, not subject to any trust, and such repudiation and claim are brought to the notice or knowledge of the cestui que trust in such manner that he is called upon to assert his equitable rights, the statute will begin to run from the time that such knowledge is brought home to the cestui que trust, but the adverse holding must be clear and brought home to the cestui que trust beyond question or doubt; and it is said that the rule applies, when the relation of trustee and cestui que trust is absolutely ended, whether by breach of trust or otherwise. 2 Perry on Trusts, § 864; Hill on Trustees (side p.), 264 et seq. and notes.
In the cases of fraud the authorities are conflicting, as to whether at law the statute begins to run from the commission of the fraud, or from its discovery. Angell on Dim. § 183 to § 189; Collis v. Waddy. 2 Munf. 511; Rice v. White, 4 Leigh, 474; 1. Rob. Prac. (old ed.) pp. 82, 87, 110.
In equity, however, it would seem to be well settled that the statute begins to run only from the discovery of the fraud. Shields, adm’r, &c., of Waller & others v. Anderson, adm’r of Byrd, &c., 3 Leigh 729; 2 Rob. Prac. (old ed.) 251, 252.
*The question often arises, says Judge Story, in cases of fraud and mistake and acknowledgments of debts, and of trusts and charges on lands for payment of debts, under what circumstances and at what time the bar of the statute of limitations begins to run. In general, it may be said that the rule of courts of equity j is, that the case of action or suit arises I when and as soon as the party has a right j to apply to a court of equity for relief. Ln cases of fraud or mistake it will begin to run from the time of the discovery of such I fraud or mistake, and not before. 2 Story’s' j Eq. § 1521d.
In the leading case of Kane v. Bloodgood, 7 Johns. Ch. R. 90, 122, Chancellor Kent I says, that fraud as well as trust is not within the statute, and it is well settled that the statute does not run until the discovery of the fraud, for the title to avoid it does not arise until then, and pending the concealment of it, the statute ought not, in conscience, to run.
Such is, without controversy, the settled doctrine of courts of_ equity. Angelí on Lim. § 183 and cases cited in notes, § 30; 2 Perry on Trusts, § 861.
In the light of these authorities the act of limitations cannot avail the appellant as a defence against the claim of the cestui quo trust in this case. He cannot rest alone on his adverse claim set up, as he alleges, on the termination of his trust and the appointment of a new trustee. He had to account with this trustee and to turn over to him the trust funds in his possession. In the manner of doing this he co-operated with the trustee in a breach of trust by which the trust subject was imperiled and ultimately lost to the cestui que trust, to whom the two thus became jointly and severally liable for the loss. To incur this liability it is not necessary that they should have been guilty of a moral fraud. It is sufficient that they committed a breach of trust to the injury of the cestui que *trust, and which was followed by the-same consequences that would have i resulted from evil intent. There is noth-j ing in this record to show that the cestui que trust ever had any notice or knowledge-of this breach of trust until they filed their bill, and if they had acquired such knowledge sooner their rights should not have been affected by it, for Mrs. Bently, who is entitled to the trust property during her life, is and has been from the creation of the trust a married woman, and her children are entitled in remainder, so that whether there was knowledge or not the *598 statute would not run as against the cestui que trust on the claim asserted in the bill. 2 Perry on Trusts, § 860.
From what' has been said, it will be seen that this case in it's circumstances is not analogous to the two cases so much relied .on in the argument of the learned counsel for the appellant, to-wit: 'Sheppards v. Turpin, 3' Gratt. 357; Livesay v. Helms, 14 Gratt. 441. The former was a case of constructive trust, while this is a' case of express trust. In Livesay v. Helms, Judge Samuels, in his opinions, concurred in by two of the other judges, states expressly that no fraud, collusion, or other thing was shown to deprive the plea of the act of limitations of any part of its efficacy. If such proof had been made, the decision must have been different. If collusion between the administrator de bonis non and the adverse claimant, or the co-operation of the two in a breach of trust to the injury of the distributees of the decedent had been shown, the distributees would have been entitled to relief in a suit against the two, and the statute would have been no bar to such relief, at least in the absence of knowledge on the part of the distributees of the fraud or breach of trust. five years before the suit was commenced.
As to the laches relied on by way of de-fence, it is certainly true that it is an established rule with courts of *equity, independent of any statute limiting the time in which suits can be brought, that they will not entertain stale demands. Hume v. Beal’s ex’or, 17 Wall. U. S. R. 336, 348.
. This rule is adopted, because after great lapse of time, from the death of parties and loss of papers', there is danger of doing injustice, and there can no longer be a safe determination of the controversy. Bargamin & als. v. Clarke & als., 20 Gratt. 544, 553; 2 Story’s Eq. § 1520 and note; 1 Perry on Trusts, §§ 228, 229. Whether, however, the lapse of time is sufficient to bar a recovery must, of necessity, depend upon the particular circumstances of each case. Harwood v. R. Road Co., 17 Wall. U. S. R. 78.
Some of the cases decided by this .court, in which the rule was applied, are cited by Judge Joynes in Bargamin & als. v. Clarke & als. supra.
The delay in this case is sufficiently accounted for by the occurrence of the war and the obstructions occasioned thereby, the partial suspension of legal remedies by statute for eight years, the disabilities under which the claimants labored and the lack of knowledge of their rights. Acquiescence cannot be imputed in the absence of all knowledge of the facts of which it is predicated. There were no complicated accounts to settle, and the parties to the single transaction, the subject of investigation, are all alive and testified in the case.
It is assigned as error that the appellant is held primarily bound. We think there is no error in this. As between him and the cestuis que trust, he has never accounted for the trust funds in his hands. If, under' the circumstances, he has any remedy (and we express no opinion as to whether he has or not) against his co-defendants, Thomas S. Taliaferro and William H. Rowe, or either of them, he will be at liberty to pursue *it. The decree appealed from settles nothing as between the defendants, and as the cause will be remanded, their equities, inter se, may, on proper pleadings, be inquired into and adjusted by the circuit court upon the proofs now in the cause, and such further proofs as may be adduced by them respectively. The_ objection' for the want of necessary parties was waived at the bar by the appellant’s counsel.
The court is of opinion that there is no error in the decree of the circuit court, and that the samé should be affirmed.
Decree affirmed.

Same — When Not Imputed. — In Morrison v. Householder, 79 Va. 627, the rule is laid down, citing the principal case, that while it is true that equity will not lend its aid to enforce state demands, when, by reason of the death of parties, or loss of papers or from other circumstances there can no longer be a safe determination of the controversy, yet where the demands sought to be enforced were definitely ascertained in the lifetime of the sureties in a suit to which they were parties, and the delay which has occurred in proceeding against them is reasonably accounted for by the infancy of the wards, the war, and other circumstances, laches will not be imputed to them. See also, Lamar v. Hale, 79 Va. 164; Brown v. Lambert, 33 Gratt. 256.