## MURCHISON & COLEMAN V. JERE WARREN.

1. CONSTRUCTION—CONTRACT.—A partner sold his interest, which was one-half, in the business to his copartners for a given sum; providing further, that when the indebtedness of the firm was ascertained, if it did not amount to over $9,000, they were to execute to him their note for $1,500; or if the debts of said firm should

amount to over $9,000, then the said note to be proportionately less, according to the increase in the amount of said indebtedness. It being ascertained that the indebtedness was in excess of $9,000: *Held*, That the excess should reduce the amount of the note to be executed in the one-half amount of such excess.

·2. CHARGE.—See instructions held not objectionable as charging upon the weight of evidence.

3. VERDICT.—See facts held insufficient to sustain a verdict.

4. PRACTICE.—A failure to ask proper instructions as to a mode of computing the amount of the liability of the defendants, will not estop them from complaint against an excessive verdict.

APPEAL from Henderson. Tried below before the Hon. M. H. Bonner.

On November 4, 1874, Murchison, Coleman & Warren, a mercantile firm doing business in Goshen, Texas, dissolved. In their partnership Warren had put in $4,500 capital, and Murchison & Coleman had put in the same, Warren having a half interest in the business, and Murchison & Coleman the other half.

On dissolving, Murchison & Coleman took the business, assumed the debts and executed their notes for $3,000, and agreed to make another note to Warren for $1,500 when the indebtedness of the firm should be ascertained; but that if such indebtedness exceeded $9,000 the note was to be proportionately less.

March 22, 1877, Warren brought suit against Murchison & Coleman. The pleadings are sufficiently given in the opinion.

There was a great mass of testimony adduced on the trial. It was shown that the indebtedness of the firm at dissolution was about $10,900. The documents evidencing the settlement are set out in the opinion.

The court instructed the jury, after referring to said documents, that the effect of said testimony was to constitute a sale by the said plaintiff to the said Murchison & Coleman of his interest in the copartnership assets and business of the firm of Murchison, Coleman & Warren, at Goshen, Texas, and by

which the said Murchison & Coleman assumed to pay the indebtedness of said firm existing on the 4th day of November, 1874, and to pay said plaintiff the sum of $4,500 in the event that said indebtedness did not exceed $9,000, of which amount of $4,500 the sum of $3,000 was then paid in the notes of said Murchison & Coleman, and the remaining $1,500 was to be paid in a note to be due on the 1st day of January, 1877, but to bear interest at the rate of ten per cent. per annum from said 4th day of November, 1874, and which was to be executed by the said Murchison & Coleman and delivered to the said plaintiff whenever the indebtedness of said firm was ascertained not to exceed said sum of $9,000; but if said indebtedness should exceed said amount, then said note was to be proportionately less than $1,500, according to the increase of said indebtedness over said sum of $9,000. If the testimony further shows that the said defendants have failed to execute and deliver to the plaintiff a note as above provided for, or to pay and satisfy the plaintiff therein in lieu thereof, then you will proceed under the following instruction to ascertain and return a verdict herein. If you should find that said indebtedness of Murchison, Coleman & Warren did not, on said 4th day of November, 1874, exceed the sum of $9,000, you will calculate interest on said sum of $1,500, as a principal, at the rate of ten per cent. per annum, from said date until the present time, and add this interest to said sum of $1,500, and ascertain the amount of said principal and interest. In this event you need not make the subsequent calculation, as next hereinafter directed. If, however, you should see that the indebtedness of said firm did, on said 4th day of November, 1874, exceed said sum of $9,000, you then proceed to ascertain, as provided by the terms of said contract, the amount to which said principal sum of $1,500 should be reduced, by deducting therefrom such sum as will make said $1,500, less in proportion as said indebtedness may exceed said sum of $9,000. Having ascertained the amount, if any, to which said $1,500 should be reduced, you will add

interest thereon, at said rate of ten per centum, from said 4th day of November, 1874, to this date, and ascertain the amount of this, now principal and interest. In determining the amount of the indebtedness of said firm, you will not allow any interest after said 4th day of November, 1874.  *  *  *

Verdict and judgment were for plaintiff, and Murchison & Coleman appealed.

*Greenwood & Gooch,* for appellants.

*T. J. Williams* and *R. A. Reeves,* for appellee, cited Wells *v.* Moore, 15 Tex., 521 ; Muckleroy *v.* Bethany, 27 Tex., 551 ; Paschal's Dig., 1442 ; 2 Greenl. Ev., sec. 300 ; Story on Agency, secs. 73, 74 ; San Antonio *v.* Lewis, 9 Tex., 69 ; Wells *v.* Barnett, 7 Tex., 584 ; Wheeler *v.* Moody, 9 Tex., 372.

GOULD, ASSOCIATE JUSTICE.—Jere Warren brought this suit to recover of his late partners a balance of $1,500, with interest thereon, alleged to be due him on the sale to them of his interest in the mercantile firm of Murchison, Coleman & Warren, at Goshen, Texas. In that firm Warren had owned a half interest, and the firm of Murchison & Coleman, carrying on business at Athens, the other half. Attached to the plaintiff's original and amended petition were two instruments evidencing the sale, marked exhibits A and B. Exhibit A is in the following language, viz. :

"ATHENS, TEXAS, *November* 4, 1874.

We, the undersigned, having bought the interest of Jere Warren in the firm of Murchison, Coleman & Warren, of Goshen, Texas, and having agreed to give the said Jere Warren four thousand five hundred dollars for his interest in said firm, provided that the debts due by said firm do not amount to over nine thousand dollars ($9,000), and we having executed to the said Warren our promissory notes for three thousand dollars, do by this instrument agree that

when the indebtedness of said firm is ascertained, if it does not amount to over nine thousand dollars, to execute to said Warren our promissory note for one thousand five hundred dollars, due January 1, 1877, with ten per cent. interest per annum from date of this instrument; or if the debts of said firm should amount to over nine thousand dollars, then the said note to be proportionately less, according to the increase in the amount of said indebtedness.

(Signed)     MURCHISON & COLEMAN."

Exhibit B is in the following language:

"THE STATE OF TEXAS, ⎱
      *County of Henderson.* ⎰

We, the undersigned, having bought Jere Warren's interest in the store-house and lot, goods, merchandise, notes, accounts, stock, and everything appertaining to the business of Murchison, Coleman & Warren, at the town of Goshen, Henderson county, Texas, for the sum of four thousand and five hundred dollars, and we agree to pay all debts and fill all contracts due of said firm of Murchison, Coleman & Warren, hereby releasing him from any further liability in said business; as witness our hand on this 9th day of December, A. D. 1874, the above sale having taken place on the 4th day of November, 1874.

(Signed)     MURCHISON & COLEMAN,<br>per Royal.

Attest: R. J. JENNINGS."

There was a plea of *non est factum* as to exhibit B, and also a plea alleging that the indebtedness of the firm, on November 4, 1874, amounted to about $13,000, charging fraud on Warren, to whom defendants alleged they looked for information, in misrepresenting the amount of said indebtedness at $9,000, setting up the excess both as a defense and in reconvention. There was also a plea in reconvention for alleged misappropriation of partnership assets; but the

questions on which the case is disposed of do not require a further statement of the pleadings. The trial resulted in a verdict for plaintiff for $1,653.01.

The first assignment of error relates to the plea of *non est factum*, and counsel for appellant having, in argument, declined to present it, it will not be considered.

The second and third assignments of error object to portions of the charge which, it is claimed in the brief of counsel, " were comments on the evidence and on the weight of the evidence, and an assumption as to the facts, and do not charge the law, but leave the question of law to the jury"; and the fourth and fifth assignments are to the refusal of charges asked. We think that the charge fairly submitted all questions of fact to the jury, and that it was unobjectionable, unless it be that it failed to inform the jury sufficiently how they were to arrive at the amount by which the $1,500 was to be reduced, in the event that they should find the indebtedness of the firm, on November 4, 1874, to exceed $9,000. In one part of the charge, the court, construing the exhibits A and B, tells the jury, that " if said indebtedness should exceed said amount, [$9,000,] then said note was to be proportionately less than $1,500, according to the increase of said indebtedness over said sum of $9,000." The only further instruction on that point reads thus : " If, however, you should see that the indebtedness of said firm did, on said 4th day of November, 1874, exceed said sum of $9,000, you then proceed to ascertain, as provided by the terms of said contract, the amount to which said principal sum of $1,500 should be reduced, by deducting therefrom such sum as will make said $1,500, less in proportion as said indebtedness may exceed said sum of $9,000." If these instructions were defective, the defendant failed to supply the defect by asking proper instructions. The instructions asked by him embodied the idea that the excess of the indebtedness over $9,000 was to be deducted from the $1,500. We think that exhibit A should not be so construed. The language of the con-

tract, " proportionately less, according to the increase in the amount of said indebtedness," is ambiguous, in that it fails to prescribe the ratio or rule of proportion. If for every one, or two, or ten, or other number of dollars of excess of indebtedness one dollar be deducted from the $1,500, then in each case the note " becomes proportionately less, according to the increase in the amount of said indebtedness." If we look merely to the face of the instrument, its meaning is ambiguous; but if it be read in the light of the surrounding circumstances, and of the articles of partnership, which were in evidence, (1 Greenl. Ev., secs. 277, 283, 286,) it becomes evident that Warren was selling his half interest; that the value of that half interest would diminish one dollar for every two of the increase of the firm indebtedness; and that the only reasonable interpretation of the instrument is, that the proportion which the decrease of the note is to bear to the increase of indebtedness is expressed by the ratio one-half.

It has not been found necessary to pass further upon the assignments of error growing out of the charge given and the refusal of charges asked. Our opinion is, that the verdict was in excess of the amount justified by the evidence, and was, in that regard, so plainly against the evidence that the court erred in refusing a new trial. The statement of facts shows that there was evidence establishing clearly and without conflict an indebtedness of the firm, on November 4, 1874, amounting to over $10,900. The plaintiff, it appears, proposed to testify that a considerable amount of this indebtedness was for goods which had not arrived at the date of the trade, and that although these debts had been contracted at that time, it was orally agreed that they were not to be counted as part of the debts of Murchison, Coleman & Warren. This evidence was excluded and cannot be regarded. There was thus left over $10,900 of firm indebtedness clearly established; and if the jury had reduced the $1,500 by one-half of this excess over $9,000, their verdict would have been much less. Very evidently the jury adopted a differ-

3

ent rule in determining the amount by which the note should be diminished. Whether the rule adopted by them was or was not in accordance with the charge, or was simply one which they were, under the charge, at liberty to adopt, our opinion is, that the court erred in refusing a new trial. If, as we think, the charge was defective, " the failure of appellants to ask proper instructions did not estop them from complaining of a clearly erroneous verdict, or justify the court in refusing a motion for a new trial on this ground, even though there was no affirmative error in the charge of the court as given the jury." (Stell *v.* Paschal, 41 Tex., 645; Robinson *v.* Varnell, 16 Tex., 388; 1 Grah. & Wat. on New Trials, 273.)

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Justice BONNER did not sit in this case.]