## SUPREME COURT.

### DELIA F. GATFIELD and JOHN H. GATFIELD agt. THOMAS HANSON *et al.*

*Legal capacity to sue — Administrator de bonis non*

Phebe Gatfield, who died intestate, at her death owned a mortgage, and letters of administration upon her estate were issued to her only son, John Gatfield, who died, leaving the estate unadministered. This action was afterwards brought by the widow and next of kin of John Gatfield to foreclose the mortgage. During the pendency of the action, John H. Gatfield, one of the plaintiffs, was appointed administrator *de bonis non* of the estate of Phebe Gatfield:

*Held*, that the plaintiffs had no legal capacity to sue; that the action, after the death of John Gatfield, could be maintained only by the administrator *de bonis non*, who succeeded to the unadministered assets of the intestate, and that the appointment of one of the plaintiffs after the commencement of this action, as such administrator *de bonis non*, could not uphold the action (*Luers* agt. *Brunges*, 56 *How. P. R.*, 282).

ACTION for the foreclosure of a mortgage.

*Special Term, October,* 1878.

*Joseph Fettretch,* for plaintiffs.

*Charles Crary,* for defendants.

VAN VORST, J. — Upon the death of Phebe Gatfield, the holder of the mortgage, intestate, the mortgage in question went to her personal representatives, to be applied, adminis-

tered and distributed as part of her estate (2 *Rev. Stat., p.* 82, *sec.* 6).

And when her son, John Gatfield, in August, 1873, took out letters of administration upon his mother's estate, he became legally vested with the title to the mortgage, as an asset, for the purposes of administration. He died, however, in September, 1873, leaving the estate unadministered. Before the commencement of this action, administration *de bonis non,* to administer that portion of the estate of Phebe Gatfield, not already administered, had not been granted.

When this action was commenced, there was, therefore, no person in a legal position to enforce, by action, the payment of the mortgage.

The plaintiffs, who are the widow and son of John Gatfield, deceased, had no legal right and title to take and enforce its payment by suit.

But after the commencement of this action, and on the 1st of August, 1878, letters *de bonis non,* were issued upon the estate of Phebe Gatfield, deceased, to John H. Gatfield, one of the plaintiffs.

When he became such administrator, and not before, he had a legal title to the mortgage, and could, as such administrator *de bonis non,* and not otherwise, enforce its payment by suit.

Before the 1st of August, 1878, he could exercise no lawful dominion over, or compel the payment of the mortgage by suit. Notwithstanding, he was next of kin of John Gatfield, his right and title, in this regard, is coeval with his appointment as administrator *de bonis non.*

It is not necessary to determine closely the rights and interests of the heirs and next of kin, to the property and estate of an intestate.

The legal title for the purposes of collection, administration and distribution is in the personal representatives. They succeed to the title of the intestate; and from them the next of kin and persons entitled, after the debts and claims are paid, are to receive their distributive shares.

As John H. Gatfield had no legal title or right to the mortgage when the action was commenced, his subsequent appointment cannot uphold this suit. The question is, what right had he when he instituted the suit? His subsequent appointment as administrator *de bonis non* cannot give validity to an action commenced before his appointment (*McCullough* agt. *Colby*, 4 *Bos.*, 603; *Tiffany* agt. *Bonetman*, 2 *Hun*, 643). The plaintiffs complaint must be dismissed.