ENOCH B. WOODRUFF, administrator,

*v.*

HENRY MUTSCHLER et al.

A mortgagee died in 1877, leaving, besides the mortgage, but little personal property, which was shortly afterwards divided among her next of kin. In September, 1879, the mortgaged premises were sold by their owner, and the amount of the mortgage paid to the mortgagee's next of kin, one of whom then produced the mortgage, and it was canceled of record. In October, 1879, one of the mortgagee's creditors took out letters of administration on

her estate.—*Held,* that the payment of the money due on the mortgage to the next of kin, and its cancellation of record, were invalid, and the latter was set aside on the administrator's application.

---

Bill for relief. On final hearing on pleadings and proofs.

*Mr. C. F. Hill,* for complainant.

*Mr. C. Lentz,* for defendants.

---

NOTE.—On the death of a mortgagee, the mortgage passes to his personal representative, who, in equity, is trustee of the heir, for whom he holds it, subject to the rights of creditors, *Burton* v. *Hintrager, 18 Iowa 348; Chase* v. *Lockerman, 11 Gill & Johns. 185; Barnes* v. *Lee, 1 Bibb 528; Kinna* v. *Smith, 2 Gr. Ch. 14; Ketchum* v. *Dew, 7 Coldw. 532;* see *Schoole* v. *Sall, 1 Sch. & L. 176; Aubrey* v. *Milton, 2 Moll. 529; Mutual Life Ins. Co.* v. *Sturges, 5 Stew. Eq. 678, 6 Id. 323.*

Although the mortgagee may have entered for condition broken, but died before foreclosure, *Fay* v. *Cheney, 14 Pick. 399; White* v. *Rittenmeyer, 30 Iowa 268.*

An executor may execute a power of sale contained in a mortgage of lands to his testator, *Richmond* v. *Hughes, 9 R. I. 228;* or an administrator, *Merrin* v. *Lewis, 90 Ill. 505; Harnickell* v. *Orndorff, 35 Md. 341.*

He may require the tenant in possession to attorn to him, where the mortgagee died after foreclosure, but before the time for redemption had elapsed, *Lockwood* v. *Tracy, 46 Conn. 447;* or, consent to the entry of another into the possession of the premises mortgaged, *Webster* v. *Calden, 56 Me. 204.* Or, sustain trespass against the heir for entering and cutting and carrying away wood, after foreclosure, *Palmer* v. *Stevens, 11 Cush. 147; Brooks* v. *Goss, 61 Me. 307;* or, the purchaser of the wood from the mortgagor in possession after condition broken, *McKellop* v. *Jackman, 50 Vt. 57;* nor can a quit-claim deed of the heir before foreclosure sustain a writ of entry by his grantee, *Taft* v. *Stevens, 3 Gray 504; Douglass* v. *Dunn, 51 Me. 121;* nor can the heir himself enter, *Smith* v. *Dyer, 16 Mass. 18; Haskins* v. *Hawkes, 108 Mass. 379.* See *Van Duyne* v. *Thayre, 14 Wend. 233.*

One of several executors can release a portion of the mortgaged premises, *Stuyvesant* v. *Hall, 2 Barb. Ch. 151.*

He may receive payment of the mortgage, and cancel it, *Ely* v. *Schofield, 35 Barb. 330; Schwartz* v. *Leist, 13 Ohio St. 425; Griffin* v. *Lovell, 42 Miss. 402;* see *Page* v. *Johnston, 23 Wis. 295;* although a foreign representative, *Doolittle* v. *Lewis, 7 Johns. Ch. 45;* see *Stone* v. *Scripture, 4 Lans. 186; Vroom* v. *Van Horne, 10 Paige 549; Thorpe's Case, 15 Grant's Ch. 76.*

If the mortgagor is the executor of the mortgagee, and charges himself with the amount of the mortgage debt as assets, this operates as a satisfaction,

Woodruff *v.* Mutschler.

THE CHANCELLOR.

The bill is filed to annul the cancellation of a mortgage on land in Newark, and to re-instate and foreclose the mortgage. The case, briefly stated, is this : The defendant, Henry Osborn, being then the owner of the mortgaged premises, gave the mortgage to Margaretha Mack on the 29th of October, 1869. At the death of the mortgagee the mortgage was a valid, subsisting security, and there were due on it $1,100 of principal, besides $72.50, or thereabouts, of interest. After her death,

*Martin* v. *Smith, 124 Mass. 111.* See *Griffin* v. *Pringle, 56 Ala. 486;* *Wathen* v. *Glass, 54 Miss. 382;* *Thorp* v. *Feltz, 6 B. Mon. 15;* *McPhadden* v. *Bacon, 13 Grant's Ch. 591;* *Morrow* v. *Peyton, 8 Leigh 54.*

As to a fraudulent entry of satisfaction, and its effect, see *Fine* v. *King, 6 Stew. Eq. 108;* *Hays* v. *O'Connor, 1 N. Y. Leg. Obs. 405;* *Remann* v. *Buckmaster, 85 Ill. 403;* *Weir* v. *Mosher, 19 Wis. 311.*

If money due on a mortgage be paid to the heir, the executor may recover it from him, *Tabor* v. *Tabor, 3 Swanst. 635.*

Payment to the next of kin is no defence to an action by the administrator, *Mitchell* v. *Moorman, 1 Y. & J. 21.* See *Story* v. *Kemp, 51 Ga. 399.*

If money be decreed to be paid to B's distributees, payment to B's administrator is not a satisfaction, *Hamer* v. *Bethea, 11 S. C. (N. S.) 416.*

As to payments to one of several executors, see *Ewart* v. *Dryden, 13 Grant's Ch. 50;* *Ewart* v. *Snyder, Id. 55.*

One of two executors may consent to the postponement of the lien of their testator's mortgage, *Mutual Life Ins. Co.* v. *Sturges, 6 Stew. Eq. 328, 335.*

A personal representative may, before foreclosure, assign a mortgage belonging to his decedent's estate, *Burt* v. *Ricker, 6 Allen 77;* *Trades Saving Bank* v. *Freese, 11 C. E. Gr. 453;* *Crooker* v. *Jewell, 31 Me. 306;* *Kinna* v. *Smith, 2 Gr. Ch. 16;* *Collamer* v. *Langdon, 29 Vt. 33;* see *Winslow* v. *Crowell, 32 Wis. 639;* *Sinclair* v. *Dewar, 17 Grant's Ch. 621;* *Renaud* v. *Conselyea, 7 Abb. Pr. 105;* *Ladd* v. *Wiggin, 35 N. H. 421;* and, semble, a foreign administrator may also, *Clark* v. *Blackington, 110 Mass. 369;* *Grace* v. *Hunt, 1 Cooke 344;* *Copper* v. *Wells, Sax. 10;* *Smith* v. *Tiffany, 16 Hun 552;* see *Sheldon* v. *Sill, 8 How. 441;* *Thatcher* v. *Hatch, 6 McLean 68;* *Hill* v. *Winne, 1 Biss. 275;* *Cutter* v. *Davenport, 1 Pick. 81;* so where an assignment of a mortgage is made to an administrator, as such, *Flagg* v. *Johnston, 32 Ga. 26;* *2 Jones on Mort. § 1390;* *Wilkins* v. *Sorrels, 45 Ala. 272;* *Thurston* v. *Kennett, 22 N. H. 151;* see *Richards* v. *Adamson, 43 Iowa 248;* *Bogert* v. *Hertell, 4 Hill 492;* *People* v. *Miner, 37 Barb. 466.*

One of several executors may so assign, *Jones on Mort. § 796;* see *Stuart* v. *Abbott, 9 Gratt. 252;* *Hitchcock* v. *Merrick, 15 Wis. 522.*

And such assignee may foreclose in his own name, *Nelson* v. *Stollenwerck*

Osborn sold the property to Mutschler for $1,200, stipulating to convey it to him free from the mortgage. Before the delivery of the deed from the former to the latter, Mutschler paid Osborn the price agreed upon, which was divided among the next of kin of the mortgagee, by one of whom the mortgage was produced, and delivered over for cancellation. It was subsequently canceled, and cancellation entered of record. The deed to Mutschler is dated September 23d, 1879. The mortgage ap-

60 Ala. 140; Simpson v. Ammons, 1 Binn. 175; Williams v. Ely, 13 Wis. 1; Smith v. Tiffany, 16 Hun 552.

But the heirs may, under some circumstances, assign a mortgage, Babbitt v. Bowen, 32 Vt. 437. See Moore v. Comrs., 54 Ind. 524; Lewis v. Lyons, 13 Ill. 117; Patterson v. Allen, 50 Tex. 23.

An executor cannot assign the legal estate in lands mortgaged to his testator, unless the land is devised to him; such assignment will only transfer the mortgage, Doe v. Hansen, 3 Allen (N. B.) 427; Watson v. Hawkins, 60 Mo. 550; Robinson v. Byers, 9 Grant's Ch. 572.

An administrator may enforce a vendor's lien on lands sold by him, Bratt v. Bratt, 21 Md. 578; Barwick v. White, 2 Del. Ch. 284; White v. Reviere, 57 Ga. 386.

The personal representatives of a mortgagee are the proper parties to foreclose it, and not his heirs or devisees, Freake v. Horseley, Freem. 180; Anon. Id. 52; Bradshaw v. Outram, 13 Ves. 234; Snarely v. Pickle, 29 Gratt. 27; Harrison v. Harrison, 1 Call 419; Grattan v. Wiggins, 23 Cal. 16; Copper v. Wells, Sax. 10; Demarest v. Wynkoop, 3 Johns. Ch. 145; Pierce v. Brown, 24 Vt. 165; Clerkson v. Bowyer, 2 Vern. 66; Gibson v. Bailey, 9 N. H. 168; Johnson v. Bartlett, 17 Pick. 477; Sheldon v. Smith, 97 Mass. 34; Merrin v. Lewis, 90 Ill. 505; Griffin v. Lovell, 42 Miss. 402; Fifield v. Sperry, 20 N. H. 338; Dayton v. Dayton, 7 Bradwell 136; Roath v. Smith, 5 Conn. 133, 140, note; Jones on Mort. § 1387; see Pierce v. Jaquith, 48 N. H. 231; Felch v. Hooper, 20 Me. 159; McIver v. Cherry, 8 Humph. 713; Walker v. Schreiver, 47 Iowa 529; Mebane v. Mebane, 80 N. C. 34; or the administrator de bonis non of such executor, Gatfield v. Hanson, 57 How. Pr. 331; Utterback v. Cooper, 28 Gratt. 233; Kirby v. State, 51 Md. 383; see Abingdon v. Tyler, 6 Coldw. 502; Fletcher v. Sanders, 7 Dana 345; Barwick v. White, 2 Del. Ch. 284.

So, he may revive a foreclosure, although the foreclosure was obtained by the mortgagee as trustee of a third person, Riley v. McCord, 21 Mo. 285, 24 Mo. 265; see Lockwood v. Tracy, 46 Conn. 447; Van Billiard v. Nace, 1 Grant's Cas. 233; Atchison v. Surguine, 1 Yerg. 400.

Although the mortgagee may have entered for condition broken, Devey v. Van Deusen, 4 Pick. 19.

So, where the decedent conveys to a creditor in trust to satisfy his debt and pay the surplus to the decedent, Craig v. Jennings, 31 Ohio St. 84; see Williamson v. Wickersham, 3 Coldw. 52; or bequeaths the mortgage, Gibbes v. Holmes, 10 Rich. Eq. 484.

Woodruff *v.* Mutschler.

pears to have been canceled of record on the 29th of that month. Mrs. Mack died intestate, and no letters of administration had, when the mortgage was canceled, been issued upon her estate. Mutschler knew her in her lifetime. He knew when he paid the money that she had died, and that the mortgage was held by her at her death, and was a valid security, and he is presumed to have known that the cancellation of it was not by, or by authority or consent of her legal representative. Mrs. Mack left no personal property of any value except the mortgage. All she had

As to an executor's sale of the land mortgaged, after foreclosure and purchase by the executor, see *Foster* v. *Huntington, 5 N. H. 108 ; Baldwin* v. *Timmins, 3 Gray 301; Wilson* v. *Staats, 6 Stew. Eq. 524.*

Where there is no executor, a creditor of a deceased mortgagee may foreclose, *Willis* v. *Farley, 24 Cal. 490 ; Randolph* v. *Chapman, 21 La. Ann. 486.*

On foreclosure by a first mortgagee, the heir of a deceased second mortgagee is not a necessary party, *Whitla* v. *Halliday, 4 Dr. & War. 267 ; German Sav. Bank* v. *Muller (N. Y.), 9 Reporter 622 ; Beebe* v. *Morris, 56 Ala. 525;* nor the representative of a deceased prior encumbrancer, on foreclosure of a subsequent mortgage, *Walker* v. *Jarvis, 16 Wis. 28.*

So, where a mechanics' lien, prior to the mortgage, is being enforced, *Shields* v. *Keys, 24 Iowa 298;* see *Milam* v. *Bruffee, 6 Mo. 635.*

One executor may foreclose against a delinquent co-executor, *Rathbone* v. *Lyman, 8 R. I. 155.*

As to the forms in pleading by an executor, see *Moir* v. *Dodson, 14 Wis. 279;* and the ownership of the mortgaged premises after foreclosure, *Fifield* v. *Sperry, 20 N. H. 338.*

Whether a foreign representative may foreclose here without taking out letters, see *Porter* v. *Trall, 3 Stew. Eq. 106 ; Averill* v. *Taylor, 5 How. Pr. 476 ; Whart. Confl. of Laws (2d ed.) § 626 ; Vroom* v. *Van Horne, 10 Paige 549 ; Young* v. *Brush, 28 N. Y. 667 ; Chamberlin* v. *Wilson, 45 Iowa 149 ; McClure* v. *Bates, 12 Iowa 77 ; Lucas* v. *Byrne, 35 Md. 485 ; Jones on Mort. § 1389.*

A probate court has no authority to order an executor, on the receipt of money loaned, to reconvey real estate conveyed to his testator by deed absolute on its face, but intended as a mere security, *Anderson* v. *Fisk, 41 Cal. 308.*

If the mortgage be redeemed, the heir alone is competent to reconvey, *Clarkson* v. *Bowyer, 2 Vern. 66 ; Wood* v. *Williams, 4 Madd. 186 ; Scott* v. *Nicholl, 3 Russ. 476 ; Silvester* v. *Jarman, 10 Price 78 ; Osborne* v. *Tunis, 1 Dutch. 633 ; Huggins* v. *Hall, 10 Ala. 283 ;* see *Griffin* v. *Lovell, 42 Miss. 402 ; Hilton* v. *Lothrop, 46 Me. 297 ; Kinna* v. *Smith, 2 Gr. Ch. 17 ; Merriam* v. *Barton, 14 Vt. 501.*

For proceedings under the English statutes, where the heir is unknown &c., see *Meyrick's Case, 9 Hare 116 ; Boden's Case, 1 De G. M. & G. 57 ; Quinlan's Case, 9 Irish Ch. 306 ; Hodges' Case, 1 Grant's Ch. 285.*—REP.

was a little household furniture, worth not more than $50, which was soon after her death divided up among her children. She died in September, 1877. One of the creditors of the estate took out letters of administration upon it in October, 1879. That the cancellation was unauthorized, there is no room to doubt. The next of kin had no authority to discharge the mortgage debt. They had none to cancel the mortgage. *Wms. on Exrs. 504; Hatch* v. *Proctor, 102 Mass. 351; Foster* v. *Bates, 12 M. & W. 226.* Mutschler, by his answer, alleges that he bought the property free from the mortgage, and that when it was conveyed to him, the mortgage had been canceled. But he admits, in his testimony, that he knew that Mrs. Mack held the mortgage at her death, and it appears from his testimony that he knew that it was the money paid by him for the consideration of the conveyance which the next of kin received in consideration of the cancellation of the mortgage. He must be held to have known that the land was not freed from the mortgage by the cancellation. He was bound to see that the cancellation on which he relied was made by due authority. The cancellation will be annulled, and the mortgage re-instated, and there will be a decree for the foreclosure and sale of the premises.