McClure, Administrator v. Bates.

court to treat it as taken in the manner required by the section of the Code above cited.

Judgment affirmed.

McClure, Administrator v. Bates.

1. FOREIGN ADMINISTRATOR. Under the Code of 1851, a foreign administrator could not sue in the courts of this State without taking out letters of administration in this State.
2. PRESUMPTIONS: PLEA IN ABATEMENT. When the record in an action by an administrator shows that proof of the authority of the plaintiff to bring the action was made, and that the cause came on for final hearing, on the pleadings and proofs, the Supreme Court will presume that the hearing was upon the merits, and not upon a plea, in the nature of a plea in abatement.

*Appeal from Polk District Court.*

WEDNESDAY, JUNE 12.

ACTION by John Bell, as administrator *de bonis non* of the estate of David McClure deceased, late of Darke county, Ohio, " against the defendant, for judgment on a promissory note, and the foreclosure of a mortgage executed to secure the same." The defendant filed his plea in the nature of a plea in abatement, alleging that said "David McClure is not, nor ever hath been, administrator *de bonis non* of the estate of John McClure, deceased." Upon this, issue was joined by replication. The journal entry in the record of the same day recites: "Now come Bates & Phillips, solicitors for respondent, and file an answer herein." It is shown by the bill of exceptions, that on the trial of the cause, the letters of administration granted by the Court of Probate of Darke county, Ohio, were offered in evidence by the plaintiff, and that they were received, against the objection of the defendant. The judgment entry recites: "This cause having been

heard for final determination, on the pleadings, exhibits and proofs, at the August term, 1859, and the court having had the same under advisement, and being now sufficiently and fully advised, doth find that defendant is indebted to plaintiff in the sum of five hundred dollars, and doth order, adjudge and decree," &c. The defendant appeals, and assigns as error, the admission of the letters of administration.

*Curtis Bates, pro se,* contended that a foreign administrator can not, in this State, maintain an action as such. Citing Code of 1851. §§ 1309, 1310; *Karrick* v. *Pratt's Executors,* 4 G. Greene 144, and cases there cited; *Greason* v. *Davis,* 9 Iowa 219; Story Confl. L. §§ 13, 514; 1 Greenl. Ev. § 549; Gould's Pl. 442; 2 Greenl. Ev. §§ 339, 336 note 3, 341; Williams Executors 1595; *McCoy* v. *Gilmore,* 7 Ohio R. Pt. 1, 268.

*C. C. Cole* for the appellee.

I. The cause having been submitted for "final determination," on the merits, the appellant thereby waived his plea in abatement. *Starr & Burgess* v. *Wilson,* Morris. 438; *Saum* v. *Jones,* 1 G. Greene 169; *Cook* v. *Steuben County Bank,* 1 G. Greene 463.

II. The plea in abatement being waived and there being no defense in bar, and the evidence not all being in this court, the judgment must be affirmed. *Hamilton* v. *Walters,* 3 G. Greene 556, and the cases cited in Dillon's Digest, p. 442, § 26.

PER CURIAM. Under the Code of 1851, a foreign administrator could not sue in our courts, without taking out letters of administration. And, therefore, if it appeared in this case, that the court below held such administration unnecessary, we should regard the ruling error. It was not erroneous, however, to receive in evidence an attested copy of the letters granted in another State; for while such copy

JUNE TERM, 1861. 79

was not sufficient to show the authority, it was not inadmissible as a part of the proof to be made. Such proof being made and the record then showing that the cause came on for final hearing, on the pleadings and proofs, we are to presume that such hearing was upon the merits, and not upon a plea in the nature of a plea in abatement, denying the right of the plaintiff to sue in the capacity of administrator. There is nothing to satisfy us that such plea was ever determined, and least of all that it was determined against defendant.

Affirmed.