CHAMBERLIN v. WILSON ET AL.

1. **Administrator**: CONFLICT OF JURISDICTION: POSSESSION OF NOTE. Where an administrator is appointed in the jurisdiction where decedent resided, he becomes the principal and primary administrator, and is entitled to the possession of a note which had been the property of decedent, notwithstanding the subsequent appointment of another administrator in the county where the real estate is situated which was mortgaged to secure the note.

*Appeal from Jackson Circuit Court.*

TUESDAY, DECEMBER 12.

THIS cause is submitted upon an agreed statement of facts, as follows: "That Merrick G. Chamberlin died at Polk county, State of Nebraska, on the 15th day of June, 1874,

being at the time of his death a citizen of said county; that at the time of his death he had in his possession a note made by Pierce Cahill, a resident of Jackson county, State of Iowa, secured by mortgage on real estate in said county of Jackson, of which said Merrick G. Chamberlin owned one-half, and his daughter-in-law, Sarah C. Chamberlin, owned one-half, payable to their order, or bearer; that after the death of said Merrick G. Chamberlin, John Van Horn took out letters of administration (or letters testamentary, a copy of which is hereto annexed), in Polk county, Nebraska, and in his inventory reported the note in question among the assets which had come into his possession, and took the possession of said note. Said John Van Horn sent said note to John Wilson, the defendant in this case, for collection, and the said defendant collected the sum of $133.35 thereon, and has the same in his hands ready to pay over to the party entitled thereto, less the amount of his costs and charges; that Nelson S. Chamberlin, son of the decedent, took out letters of administration from the Circuit Court of Jackson county, on the —— day of ——, A. D. 1875, and entered upon the discharge of his duties as such administrator. Said letters were issued by the clerk in vacation, and there was no order of the court approving the same. Said administrator resides in Jackson county, Iowa, and the said decedent resided in said county of Jackson until about one year prior to his death, when he removed to Polk county, Nebraska, and resided there until his death. That said N. S. Chamberlin, as administrator, demanded the said money from said Wilson, who refused to pay, and thereupon this action was brought.

"Said John Van Horn, as executor, filed his petition as intervenor, claiming the said money as executor or administrator, and on demurrer judgment was rendered against him.

"John Van Horn afterwards filed his petition of intervention, claiming the money as his own, individually, in his own right. Certain residents and citizens of Jackson county have filed their claims with the plaintiff against said estate, among others the county of Jackson, which claims about $43.85, for delinquent tax on personal property, and said claims have

been admitted by the administrator, but have not been acted upon by the court; nor does the said Van Horn admit the validity of said claims against the deceased; that the costs and expenses of said John Wilson amount to $5.00." The letters testamentary issued to said Van Horn bear date July 23d, 1874, and show that they were issued pursuant to an appointment of said Van Horn executor of the last will and testament of Merrick G. Chamberlin, deceased. The court rendered judgment in favor of plaintiff against Wilson for $128.35, and against Van Horn for costs. Van Horn appeals.

*Levi Keck* and *Ellis & Spence,* for appellant.

*Graham & Cady,* for appellee.

DAY, J.—Pursuant to appointment in the testator's will, letters testamentary were duly issued by the Probate Court

1. ADMINIS-
TRATOR: con-
flict of juris-
diction: pos-
session of
note.

of Polk county, Nebraska, the county of decedent's residence, to Van Horn, on the 23d day of July, 1874. Letters of administration were issued to Nelson S. Chamberlin, the plaintiff, by the clerk of the Circuit Court of Jackson county, Iowa, in the year 1875. The administration granted to Van Horn, at the place of the domicile of the deceased, is the principal and primary administration. The administration granted to plaintiff, in Jackson county, even if regularly and properly granted, is merely ancillary in its nature, and is subordinate to the original administration. Story on Conflict of Laws, Sec. 518, and authorities cited. Van Horn took actual possession of the note in question, and embraced it in his inventory of the assets of the estate. Being charged with the principal and primary administrationship of the estate, and having taken actual possession of the note, he was entitled to the further control of it and of its proceeds. He did not lose this right of control by sending it to Jackson county for collection. He may, in our opinion, maintain an action against Wilson for the proceeds of the note collected and in his possession, in his own name, without taking out new letters of administration. Probably, under the doctrine of *McClure v. Bates,* 12

Iowa, 77, he might not be enabled to maintain an action as administrator for the collection of the note. But the note came rightfully into his possession, in virtue of the administration granted in Polk county, Nebraska. It was collected and the proceeds were in the hands of Wilson, so that the right to maintain an action upon the note is not involved. The plaintiff is endeavoring to divest Van Horn of his possession of the note, or, which is the same thing in legal effect, of its proceeds, and to prevent this he may sue in his own name and right personally. Story on Conflict of Laws, Sec. 516, and authorities cited. The judgment of the court below is erroneous.

REVERSED.