GEORGE S. FOSTER, Exr.

*v.*

THE ST. LUKE'S HOSPITAL.

*Opinion filed June 19, 1901.*

1. PLEADING—*what necessary to allege in action for accidental death.* In an action to recover damages for the death of a person, the plaintiff, in order to be entitled to recover, must allege and prove that the deceased left surviving a husband or wife or next of kin.

2. SAME—*effect of failure to allege that the deceased left next of kin— limitations.* If a declaration as originally filed in an action for the death of the plaintiff's testatrix fails to allege that the deceased left surviving a husband or next of kin, the declaration fails to state a cause of action, and an amendment filed more than two years after the accident, which alleges that the plaintiff is the surviving husband and sole heir and beneficiary of the deceased, is barred by the Statute of Limitations.

3. SAME—*when defect in pleading is not cured by verdict.* If the declaration omits to allege any substantial fact which is essential to a right of action, and which is not implied in or inferable from the facts which are alleged, a verdict for the plaintiff does not cure the omission.

*St. Luke's Hospital* v. *Foster,* 86 Ill. App. 282, affirmed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. GEORGE W. BROWN, Judge, presiding.

BEACH & BEACH, and M. SLUSSER, for plaintiff in error.

SYDNEY RICHMOND TABER, for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action on the case brought by George S. Foster, executor of the last will and testament of Candis Foster, deceased, against the St. Luke's Hospital, to recover damages for the death of said Candis Foster, which was caused by her falling from the fifth story window of

said hospital on December 6, 1895. The suit was commenced February 27, 1896, and on the following 10th day of April a declaration was filed, in which the plaintiff failed to allege his relationship to Candis Foster, or that she left her surviving a husband or next of kin, or that any one had sustained any pecuniary loss because of her death. On November 2, 1898, the plaintiff filed an amendment to each count of the declaration, in which it was averred "that said George Foster is the husband and only surviving heir and beneficiary of the said Candis Foster, deceased," and "that said George S. Foster, plaintiff and surviving heir and beneficiary of the said Candis Foster, deceased, became and was deprived of the services and companionship of his said wife." A demurrer to the amended declaration having been overruled, the defendant filed the general issue and a plea of the Statute of Limitations thereto, to which latter plea the court sustained a demurrer, whereupon the case was tried before a jury, and a verdict and judgment were rendered in favor of the plaintiff for $2500, from which judgment the defendant prosecuted an appeal to the Appellate Court for the First District, which court reversed said judgment without remanding the cause, and the plaintiff has sued out a writ of error from this court to review such judgment of reversal.

At the time the amended declaration was filed more than two years had elapsed since the accident took place. If the original declaration failed to state a cause of action and by the amendment thereto a new cause of action was sought to be introduced, the same was barred and the plea of the Statute of Limitations thereto should have been sustained. (*Phelps* v. *Illinois Central Railroad Co.* 94 Ill. 548; *Chicago, Burlington and Quincy Railroad Co.* v. *Jones*, 149 id. 361; *Eylenfeldt* v. *Illinois Steel Co.* 165 id. 185; *Chicago City Railway Co.* v. *Leach*, 182 id. 359.) The controlling question therefore is, did the original declaration state a cause of action?

This court has uniformly held that where an action is brought to recover damages for the death of a person, to entitle the plaintiff to recover it is necessary to allege and prove that such deceased person left him or her surviving a widow or husband or next of kin. (*Chicago and Rock Island Railroad Co.* v. *Morris,* 26 Ill. 400; *Quincy Coal Co.* v. *Hood,* 77 id. 68; *Lake Shore and Michigan Southern Railway Co.* v. *Hessions,* 150 id. 546.) In *Chicago and Rock Island Railroad Co.* v. *Morris, supra,* on page 402 the court say: "Before a party suing for these damages can be allowed to recover, it must be alleged in the declaration, and proved, that the deceased left a widow or next of kin, to whom the damages could be distributed." In *Quincy Coal Co.* v. *Hood, supra,* on page 72 it is said: "The fact of the survivorship of a widow or next of kin, being an essential element of the cause of action, renders it indispensable that it should be alleged in the declaration." And in *Lake Shore and Michigan Southern Railway Co.* v. *Hessions, supra,* it is held (p. 556): "It is the settled law that the fact of survivorship of a widow or next of kin is an essential element to the cause of action, and it is therefore indispensable that it should be alleged and proved."

At the common law no action could be maintained for negligently causing the death of a human being, or for any damages suffered by any person in consequence of such death. An action to recover such damages can be maintained, therefore, only by virtue of the statute. (Hurd's Stat. chap. 70.) It must be brought in the name of the personal representative of the deceased, and can only be maintained for the benefit of the persons designated in the statute. If the deceased left him surviving no widow or next of kin there is no cause of action, hence the necessity of alleging and proving that the deceased left him surviving a widow or next of kin. A declaration defective in this regard would not be good even after verdict. In *Bowman* v. *People,* 114 Ill. 474, it is said (p. 477): "The rule is, if the declaration omits to allege any sub-

stantial fact which is essential to a right of action, and which is not implied in or inferable from the findings of those which are alleged, a verdict for the plaintiff does not cure the defect." In *Quincy Coal Co.* v. *Hood, supra*, proof was made that there was next of kin other than those named in the declaration. This was held to be error and not cured by verdict.

We are of the opinion the declaration, as originally filed, stated no cause of action, and that the cause of action stated in the amended declaration was barred by the Statute of Limitations. The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*