Harry L. Null, Appellee, v. Swift & Company, Appellant.

### Gen. No. 15,140.

PLEADING—*when declaration in case fatally defective.* If the declaration in case for personal injuries alleges no facts from which the law raises a duty on the part of the defendant to protect the plaintiff against the injury of which he complains, it cannot be presumed after verdict that such facts are proved, and a motion in arrest should be granted.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed June 2, 1910.

WINSTON, PAYNE, STRAWN & SHAW, for appellant; JOHN BARTON PAYNE, JOHN D. BLACK, and JOHN C. SLADE, of counsel.

JOHN A. BLOOMINGSTON, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action on the case for personal injuries plaintiff had judgment for $7,500 and the defendant appealed. There were three counts in the declaration. By consent of both parties the court gave to the jury the following instruction:

"The plaintiff cannot recover under the second or third count of the declaration herein, and you should disregard said second and third counts of the declaration, and therefore you must determine and decide this

case upon the evidence before you under the instructions, the same as if said second and third counts were not in the declaration. So that, wherever the word 'declaration' or the words 'counts of the declaration' appear in these instructions, the same shall be construed by you to mean the first count of the declaration.''

The effect of this instruction was to withdraw from the jury the second and third counts and submit the cause on the issues joined in the first count. The verdict of guilty must therefore be held a verdict of guilty on the first count alone. The verdict of guilty on the first count was equivalent to a verdict of not guilty on the second and third counts, and by the verdict those counts were eliminated from the case. The People v. Weil, 243 Ill. 208.

Defendant moved in arrest of judgment, its motion was denied, and the ruling of the court denying said motion is assigned for error.

The first count alleges that the defendant was in occupation and control of a building used as a soap factory, in which, under the control of the defendant, was an elevator which the defendant ought to have kept in repair, etc.; that not regarding its duty, etc., the defendant negligently suffered said elevator to be and remain in bad and unsafe repair and condition, by means whereof the plaintiff, who was lawfully riding thereon, with all due care and caution, was thrown from said elevator in such manner that his leg was unavoidably caught between the elevator and the casing or opening, and thereby his leg was broken and crushed, etc.

The count is defective because it fails to state facts from which the law raises a duty on the part of the defendant to protect the plaintiff from the injury of which he complains. The allegation that it was the duty of the defendant to keep the elevator in repair, etc., was but the averment of a conclusion or inference of law. McAndrews v. C. L. S. & E. Ry., 222 Ill. 232.

In that case, in answer to the contention that the defect in the declaration was cured by verdict, the court said, p. 241: ''The rule is, if the declaration omits to allege any substantial fact which is essential to a right of action, and which is not implied in or inferable from the findings of those which are alleged, a verdict for plaintiff does not cure the defect. (Foster v. St. Luke's Hospital, 191 Ill. 94.) Here, one of the elements of the plaintiff's cause of action, viz: the existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains, was wholly omitted from the declaration, and the averment thus omitted cannot be implied or inferred from the facts which are alleged in the declaration. Such omission was, therefore, not cured by the verdict.''

In this case, as in that, no facts from which the law raises the duty on the part of the defendant to protect the plaintiff against the injury of which he complains, are alleged, and it cannot be presumed, after verdict, that such facts were proved, because the facts from which the law raises such duty are not such as can be implied or inferred by fair and reasonable intendment, from the facts which are alleged in the first count of the declaration.

The count is clearly insufficient to support the judgment, and the court erred in denying defendant's motion in arrest of judgment. For that error the judgment is reversed and the cause remanded.

*Reversed and remanded.*