### OF THE

## STATE OF IOWA

### AT

## DES MOINES, JANUARY TERM, 1911.

### AND IN THE SIXTY-FIFTH YEAR OF THE STATE.

---

JOSEPH H. STRONG, Administrator of the Estate of GUSTAVE STREMPEL, Deceased, Appellant, v. THE CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY, Appellee.

Conflict of laws: ENFORCEMENT OF RIGHTS. Where the courts of this
1 and another state are not in accord on propositions of common law, as distinguished from statutory rights, one having a right of action under the law of the other state can not sue here and have his right enforced according to the law as construed by the foreign state.

Railroads: DEATH OF SECTION MAN: CONTRIBUTORY NEGLIGENCE. A
2 section man who was warned of an approaching train in time to have avoided the danger but waited until the train was upon him and then attempted to ·cross the track and was killed was guilty of such contributory negligence as to preclude recovery.

VOL. 150 IA.—1.

*Appeal from Dubuque District Court.—*HON. ROBERT
BONSON, Judge.

TUESDAY, JANUARY 10, 1911.

ACTION to recover damages for the death of plaintiff's
intestate. Trial to a jury. Verdict for the defendant
directed by the court, and plaintiff appeals.—*Affirmed.*

*B. J. Wellman* and *J. P. Frantzen,* for appellant.

*Woodward & Lees* and *J. W. Kintzinger,* for appellee.

WEAVER, J.—Strempel was one of a gang of five
employees in the service of the defendant, cleaning and re-
pairing signal service apparatus and wires extending along
and parallel to the rails upon defendant's right of way
between the stations of Morton Park on the east and Clyde
on the west, near Chicago, in the state of Illinois. These
stations were only about one mile apart. The road is
double tracked with a space of some nine feet between the
tracks, and in the middle of this intervening space the
signal wires were strung on short posts about eighteen
inches above the ground. On the afternoon of November
30, 1904, the foreman having oversight of the work of
this gang was employed elsewhere and was not present at
the time of the accident. Trains were passing with great
frequency. The track was straight, and a train could be
seen approaching for the distance of a mile or more.
The wind was blowing quite hard rendering it difficult to
hear sounds coming against the current. Strempel's prin-
cipal work was along the signal wires in the space between
the tracks but at times his duties required him to cross
the track on the north side. On the day in question a
train approached from the direction of Morton Park. It
was seen by other members of the gang working in the

immediate vicinity who called out a warning and stepped aside out of danger. Strempel, who either did not know of the coming train or miscalculated its distance or speed, started in a diagonal course to the northwest across the north track, and before he had cleared it was struck and killed. A recovery of damages is sought on the theory that defendant is chargeable with negligence in failing to keep a lookout to warn the deceased of the approach of trains which were likely to be a source of danger and in the failure of the trainmen to sound a timely alarm by whistle or bell to attract the notice of the deceased and enable him to avoid the collision. It is further alleged in the pleading and urged upon our attention in argument that as this accident occurred in Illinois the plaintiff's right to recover is dependent upon the laws of that state, and numerous decisions of the courts in that jurisdiction were cited and referred to in the pleadings. The motion for a directed verdict which was sustained by the trial court is based upon the propositions that the plaintiff failed to show any negligence on the part of the railroad company; that the death of deceased was occasioned by his own fault or negligence, and that if any other negligence contributed to the injury it was that of his fellow servants.

I. The theory of appellant that where, on propositions of general or common law (as distinguished from statutory rights), the courts of Illinois and Iowa are not

**1. Conflict of laws: enforcement of rights.** in accord, a person having a right of action in Illinois may sue the defendant in Iowa, and have that right enforced here according to the theory which is approved in the former state, can not be sustained. That question was very thoroughly considered by this court, and decided against appellant's contention in the case of *Dorr v. Bank*, 127 Iowa, 153, where the authorities are collated and reviewed.

II. A careful review of the record discloses no way of escape from the conclusion that the death of Strempel

was occasioned by his own want of ordinary care. He was a man of mature age. His faculties of sight and hearing are not shown to have been impaired. He is presumed to have been a person of average intelligence and experience for one of his years. There was no one especially delegated or appointed to keep a lookout for approaching trains, and this must have been known to him. It appears to have been the custom for every man to keep an eye open to the dangers from this source, and when a train was discovered coming in that direction to give some sort of outcry or warning, and all would retire to a safe distance from the track. This duty, if duty it was, rested upon the deceased no less than on his companions. This particular train was in fact discovered by some of the gang when it was still a mile away. A warning was given, and the other four men, including the two working a short distance on either side of the deceased, acted upon it in time and moved to a place of safety. Some of the witnesses say that at the word of warning Strempel looked in the direction of the train, and one swears that he (Strempel) saw it. As the train was at a considerable distance when first seen, the men appear to have continued at their work a short time until it was nearer at hand, when all except deceased stepped to one side, and on seeing that he had not cleared the track they shouted a warning to him, but it was too late. The simple truth seems to be, and the evidence would not justify a jury in finding otherwise, that deceased did know the train was coming, that like his companions he tarried a moment at his work intending to get out of its way at its nearer approach, and that he either momentarily forgot the danger or believed he still had time to cross the track in safety. Even if we were to adopt appellant's somewhat novel theory that under the circumstances each member of the gang was a vice principal with refer-

2. RAILROADS: death of sectionman: contributory negligence.

ence to the duty to give warning to the others, it satisfactorily appears that the warning was given, and given in ample time for all to have escaped. They seem to have done all that could reasonably have been required for the safety of the deceased, unless, perhaps, they could have run to his assistance, and carried or dragged him from the track, an action which, however heroic and praiseworthy, can not be said to have been their legal duty.

III.   The foregoing conclusions render it unnecessary for us to consider or discuss the fellow-servant rule as applied in this case.

The judgment of the district court is right, and it is *affirmed*.