John F. Devine, Administrator, Plaintiff in Error, v. Metropolitan West Side Elevated Railway Company, Defendant in Error.

## Gen. No. 15,815.

1. STATUTE OF LIMITATIONS—*when new cause of action set up.*    If the real cause of action is the wrongful act, neglect or default which

caused the death of the plaintiff's intestate, failure within a year to set up the survivorship of widow and next of kin justifies the sustaining of the plea of the Statute of Limitations.

2. MUNICIPAL COURT—*what statement of claim in fourth class cases must set up.* There is nothing in the Municipal Court Act which justifies the assumption that it was intended to abolish the necessity of stating a cause of action in fourth class cases.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 3, 1911.

STUART G. SHEPARD and ROBERT R. McCORMICK, for plaintiff in error; S. E. THOMASON, of counsel.

ADDISON L. GARDNER, for defendant in error.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

This is an action in assumpsit upon an alleged contract of carriage between plaintiff's intestate and the defendant, brought in the Municipal Court of Chicago, to recover damages for the death of the deceased, who was a passenger on the railway of defendant in error.

Deceased, having fallen from the platform of one of the stations of the defendant to its track, was struck by a train and killed on November 14, 1907. On September 9, 1908, a praecipe and pauper's affidavit were filed in the Municipal Court and a summons issued. The *ad damnum* was laid at $10,000, the suit being one of the first class. The declaration which was filed three days later did not allege that deceased left surviving a widow and next of kin. On December 3, 1908, additional counts were filed which also failed to allege the survival of a widow and next of kin. To these additional counts a general demurrer was filed, which was subsequently confessed by plaintiff. On March 3, 1909, on motion of plaintiff, the cause was amended by reducing the *ad damnum* to $1000, and changing the cause from an action of the first

class to one of the fourth class, and, at that time, leave was given to plaintiff to file a statement of claim *instanter,* and the various counts of the declaration and the pleas were then stricken from the files. The plaintiff thereupon filed a statement of claim setting up the same facts as were contained in the declaration, and containing no allegation of the survival of the widow and next of kin. On June 29, 1909, the cause was called for trial. Defendant moved for a more specific statement of claim, which the court denied, holding that plaintiff's statement of claim, as filed, was sufficient, and holding that he would, at the trial, allow evidence of the survival of the widow and next of kin, even though it was not set up in plaintiff's statement of claim. Thereupon, the defendant orally pleaded the statute of limitations, and plaintiff orally demurred to such plea. The court overruled plaintiff's oral demurrer, and as plaintiff elected to stand by it, the court entered judgment for the defendant.

Plaintiff in error contends that the court below erred because he claims that:

(1) His amendment of March 3, 1909, merely reduced the *ad damnum,* and as the statement of claim then filed contained no new allegations the amendment related back to the commencement of the suit, and was not subject to the plea of the statute of limitations;

(2) That plaintiff's pauper affidavits should have been considered by the court in determining whether or not the cause of action set out in the plaintiff's statement of claim was the same cause of action as that originally sued upon;

(3) That the court erroneously ruled upon the oral demurrer to defendant's oral plea to the statute of limitations, not because of any facts which were before it at the time, but because it had announced an intention to allow evidence at the time of the trial to be introduced to prove the survivorship.

We think it clear that the suit, as originally brought, was not an action in tort, based upon the statute, but was an action based upon an alleged breach of contract of safe carriage. We think it equally clear that the real cause of action,

in this case, if any, was the wrongful act, neglect or default which caused the death of the deceased. Holton v. Daly, 106 Ill. 131; Crane v. C. & W. I. R. R. Co., 233 Ill. 259; Mooney v. City of Chicago, 239 Ill. 414. And that allegations of survivorship of the widow and next of kin were essential to the statement of this real cause of action. These allegations not having made within a year from the death of the deceased, this statute of limitations had run on the 3rd of March, 1909, at the time the last amendment was made, and the condition of the suit was then as if no defective action had been brought. Foster v. St. Luke's Hospital, 191 Ill. 94; Mackey, Admn., v. Northern Milling Company, 210 Ill. 115.

We are not prepared to hold that it is not necessary that the statement of claim, filed in the Municipal Court in cases of the fourth class, should state a cause of action. Nothing in the Municipal Court Act justifies the assumption that it was intended to abolish the necessity of stating a cause of action in this class of cases. Pluard v. Gerrity, 146 Ill. App. 224. Such a statement is required under section 40 of the Municipal Court Act, and as it was not filed within the period provided in the statute for bringing the action, we think the court below was justified in sustaining the plea of the statute of limitations, and its judgment will, therefore, be affirmed.

*Affirmed.*