THOMAS B. KNIGHT, Administrator of the estate of James S. Hayes, Deceased, Plaintiff, Appellee, v. THE MOLINE, EAST MOLINE and WATERTOWN RAILWAY COMPANY, Defendant, Appellant.

**Estates of decedents:** ACTION BY FOREIGN ADMINISTRATOR. Ordinarily
1  a foreign administrator cannot sue in this state to recover assets belonging to the estate until he has qualified under the statute of

this state; but where there was neither property, creditors nor beneficiaries of a non-resident decedent, and no administration was ever granted here and no one entitled thereto, a foreign administrator may sue in this state on a cause of action for decedent's death, accruing in another state and under a statute of that state, for the benefit of the widow and next of kin.

Same: LIMITATIONS: PLEADINGS. A foreign statute limiting the time of bringing actions must be pleaded and proved, when relied upon as a defense to an action brought in this state. And where the petition in an action by a foreign administrator against a non-resident defendant, for the negligent death of his intestate, brought under a statute of the foreign state limiting the time of bringing action, failed to allege as required by the law of that state that decedent left a widow and next of kin, but the evidence showed that fact, and the court, after verdict, allowed an amendment to conform the petition to the proof in that respect, defendant was not then entitled to plead the statute of limitations; as such a plea is an affirmative defense which defendant was entitled to plead regardless of the insufficiency of the petition to state a cause of action.

Same: LIMITATIONS: STATUTES. A cause of action arising under a foreign statute is not barred by the statute of such state limiting the time of bringing actions, but is barred by the provisions of Code section 3452, providing that such actions are barred here whenever barred by the foreign statute under which they arose.

Same. The statute of limitations is tolled by the commencement of an action, and will not run against an appropriate amendment to the petition, filed after the expiration of the statutory period.

Same: PROCEDURE. Where suit upon a cause of action arising under a foreign statute was commenced in this state within the statutory period, the court acquired jurisdiction, and the procedure of this state and not that of the state where the cause of action arose governs thereafter; so that it was proper to permit an amendment to the petition after expiration of the statutory period, even though such amendment would not have been permitted in the courts of the sister state.

*Appeal from Scott District Court.*—HON. A. P. BARKER, Judge.

WEDNESDAY, APRIL 9, 1913.

THE plaintiff sues as administrator of the estate of James S. Hayes. The action is for damages for alleged negligence

resulting in the death of Hayes. There was a verdict and judgment for the plaintiff, and the defendant has appealed.— *Affirmed.*

*Lane & Waterman,* for appellant.

*I. S. Pepper* and *Wade, Dutcher & Davis,* for appellee.

EVANS, J.—The defendant is an Illinois corporation. The decedent was a resident of Illinois and an employee of the defendant in charge of a street car as a conductor. The accident occurred on December 31, 1909, in Illinois; the decedent being crushed between two cars in a rear-end collision while engaged in adjusting the trolley to the line at the rear of his own car. The cause of action therefore accrued in Illinois and arose under a special statute of that state. The decedent left a widow and child. The administrator was a resident of the state of Illinois. The alleged errors assigned for our consideration are few in number. The further facts material for our consideration will be stated in appropriate place in the discussion of points presented.

I. After the verdict, the defendant moved in arrest of judgment. One of the grounds of such motion was that the plaintiff was a foreign administrator only and had not qualified under the statute of this state, and that he could not therefore maintain this action. The appellee's answer to the contention is twofold: (1) That the damages sought to be recovered in this action are not assets of the estate, and that an action will lie for the recovery thereof by a foreign administrator for that reason; and (2) that the point thus raised had been waived by failure to make any issue thereon by appropriate pleading.

1. ESTATES OF DE-
CEDENTS : ac-
tion by foreign
administra-
tor.

It is the general rule that a foreign administrator cannot maintain an action in this state to recover the assets of

the estate until he qualify as such in accord with the provision of section 3306 of the Code. *McClure v. Bates,* 12 Iowa, 77; *Chamberlain v. Wilson,* 45 Iowa, 149. This is a general rule which is recognized in practically all jurisdictions. The underlying reason for it is that no state will allow property within its jurisdiction to be so appropriated by a foreign administrator as to destroy the opportunty of its own citizens to enforce their claims against it. To this rule some exceptions are recognized by some courts. It has been quite frequently held that, where a foreign administrator has a right of action as a mere trustee for the benefit of particular beneficiaries, he may maintain such action in such capacity. This exception rests in part upon the theory that the cause of action in such a case is not a part of the assets of the estate, and that therefore the resident creditors of the decedent within the state are in no wise affected. *Connor v. Railway Co.,* 28 R. I. 560 (68 Atl. 481, 18 L. R. A. [N. S.] 1252, 13 Ann. Cas. 1033); *Boulden v. Railway Co.,* 205 Pa. 264 (54 Atl. 906); *Wilson v. Tootle* (C. C.) 55 Fed. 211; *McCarty v. Railway Co.* (C. C.) 62 Fed. 437.

In the case before us the right of action arose in Illinois under a special statute thereof (Hurd's Rev. St. 1911, chapter 70). This statute was as follows:

Section 1. Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who, or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

Sec. 2. Every such action shall be brought by and in the names of the personal representatives of such deceased person. and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased

person, and shall be distributed to such widow and next of kin in the proportion provided by law, in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injury resulting from such death to the wife and next of kin to such deceased person, not exceeding the sum of $10,000.00. [Provided, that every such action shall be commenced within one year after the death of such person.]

The last sentence is inclosed in brackets for convenience of reference later. It will be observed from the foregoing that, while such action for damages must be brought in the name of the personal representative, the amount recovered ''shall be for the exclusive benefit of the widow and next of kin.'' It is quite clear, therefore, that the damages sought are not assets of the estate in the ordinary sense that resident creditors have claims thereon. There might, however, be next of kin residing in this state. Whether their interest would operate against the right of a foreign administrator to sue is a question which we do not find discussed in the cited authorities. In some of the cases cited above, the ground of the holding was that, under the statute creating the right of recovery, such right was confined to the administrator of such state, and that, unless he could bring action in a foreign state, nobody could bring it (*Conner v. Railway Co., supra*); and upon the further ground in the cited case that there was no provision in the statute of Rhode Island for permitting the Connecticut administratrix to qualify therein.

In this state we have a very simple and reasonable statute which permits a foreign administrator to qualify in this state and which provides the method by which it shall be done. Our section 3306 is as follows:

Sec. 3306. Foreign Administration. If administration of the estate of a deceased nonresident has been granted in accordance with the laws of the state or country where he resided at the time of his death, the person to whom it has

been committed may, upon his application and upon qualifying in the manner required of nonresident executors, be appointed to administer upon the property of the deceased in this state, unless another had been previously appointed; but the original letters or other authority conferring his power upon such administrator, or an attested copy thereof, must be filed and recorded with the clerk of the proper court, and a bond, with resident sureties, given in such an amount as the court shall prescribe conditioned for the payment of all claims allowed to residents of the state and the payment of all legacies and distributive shares coming to such residents, so far as the assets thereof shall extend, before such appointment can be made. In such cases, the court or judge may require payment of all claims filed and allowed or proved belonging to residents of this state, and of all legacies or distributive shares payable to such residents, before allowing the estate to be removed from the state.

Under this section an administrator of a nonresident decedent. may be appointed to administer property in this state. As such he may sue and be sued. If an administrator were appointed in this state other than the foreign administrator, *who,* then, could maintain this action? Could the foreign administrator maintain it to the exclusion of the local administrator? In such case, which would be the "personal representative" of the decedent in Iowa within the meaning of the Illinois statute? We propound these questions to ourselves lest we open the door to conflict of authority and jurisdiction, and lest we eliminate something from section 3306.

Whether a foreign administrator as a mere trustee may, as a matter of right, in any case, sue in our courts upon a cause of action arising outside of this state is an abstract question upon which the members of the court are not at the present time wholly agreed. We are agreed, however, upon the concrete question before us. There was neither property nor creditors nor beneficiaries of the estate of the nonresident decedent in this state. No administration was taken out or claimed by any one. The cause of action sued on arose in

Illinois and under the special statute of that state. It had never accrued to the decedent in his lifetime. Under the statute it accrued to the administrator as trustee for the widow and child. We see no fair reason, therefore, why, in such a case, the foreign administrator should not be recognized in our courts to sue as the undisputed trustee for the beneficiaries of the cause of action. If there were administration pending here, or if there were property or cause of action subject to administration here, a different question would be presented. We think, therefore, that the defendant was not entitled to abate the action for want of appointment of a local administrator. This conclusion renders it unnecessary that we consider the sufficiency of the defendant's answer as a plea in abatement.

II. At the time of the submission of the case to the jury, the plaintiff's petition had no averment that the decedent left widow or next of kin. It had been held by the Supreme Court of Illinois that such averment was essential to the statement of a cause of action. *Foster v. St. Luke's Hospital,* 191 Ill. 94 (60 N. E. 803); *Quincy v. Hood,* 77 Ill. 69. The absence of such averment was made one ground of the motion in arrest. Thereupon the plaintiff by leave of the court amended the petition after verdict and made such averment to conform with the proofs. The fact itself appeared by undisputed evidence in the record. Thereupon the defendant amended its answer and pleaded that the plaintiff's cause of action was barred under the Illinois statute before the filing of the amendment. As a part of its plea of the statute of limitations, the defendant set forth, as a part of the Illinois statute, the last sentence which appears in the copy of the statute hereinbefore set forth, and which we have included in brackets. Up to this point in the trial, the statute appeared in the record without this proviso. No further evidence was ever taken, and no further proof of the statute was made in any form. Several questions confront us here. First, can such proviso be regarded as proved for the purpose of the plea

of limitation? If not, was the defendant improperly deprived of opportunity of proof before judgment? Second, was the defendant entitled to plead the statute of limitations after verdict? Third, assuming the proviso to be properly before us, was the defendant's plea of limitations good? To put it briefly, we think all the foregoing questions must be answered in the negative. Such an answer to any one of them is fatal to the defendant.

Looking at each of these questions briefly it may be noted that no proof was offered of the proviso of the Illinois statute upon which the plea of the statute of limitations was based. It is said by appellant that no opportunity of proof was given. An appropriate reply to this contention is that no opportunity was asked and no offer of proof was made.

On the second question it seems clear to us, on the face of it, that the defendant was not entitled to plead the statute of limitations after the verdict. It is argued that the amendment by plaintiff opened the door to such plea. But the plaintiff's amendment was strictly within the permission of our statute. It is argued, however, that, until the plaintiff's amendment was filed, no valid cause of action had been pleaded under the Illinois statute, and that therefore the defendant could not plead the statute of limitations until a valid cause of action was shown in the petition. We cannot assent to this argument. The plea of the statute of limitations was an affirmative defense and was available to the defendant regardless of whether the plaintiff had stated a good cause of action or not. It is urged, however, that the plea of the statute of limitations was directed, not against the petition in its original form, but against the amendment itself, which was filed after verdict. If it was competent for the defendant to plead the statute of limitations as against the amendment alone, then it, perhaps, ought to be conceded that the plea was in time, because it could not have been made before the filing of the amendment. We turn our attention, therefore, to this

2. SAME: limitations: pleadings.

particular question. As already indicated, the defendant was a resident of Illinois. The cause of action arose there under the particular statute of Illinois.

Under our Code, section 3452, the cause of action would be barred here whenever the bar had run there. If barred here, however, such bar would arise in a legal sense under our statute and not under the statute of Illinois. Were it not for the provision of section 3452 of our Code, the bar of the general statute of limitations in Illinois could not operate to the defendant's advantage here. The argument of the appellant, however, at this point is twofold. It is contended, first, that under the decisions of the Supreme Court of Illinois, the statute of limitations may be pleaded as against an amendment to a petition filed after the running of the period of limitations, even though the action itself had been commenced within such period, and further that, under the decision of said Supreme Court, the averment of the existence of widow or child is essential to a statement of a cause of action under the statute under consideration. This contention is supported by reference to the Illinois cases, as already indicated. *Foster v. St. Luke's Hospital,* 191 Ill. 94 (60 N. E. 803); *Quincy v. Hood,* 77 Ill. 69. The further point of the argument is that the limitation pleaded by the defendant is a special limitation contained in the particular statute which created the right of action, and that it inheres in the right of action, and that the right of action is necessarily subject to its proviso. This proposition may also be conceded.

3. SAME: limitations: statutes.

Under the law of this state, the statute of limitations is tolled by the commencement of the action. It does not run thereafter so as to exclude the filing of appropriate amendments after the expiration of the period of limitation. Does the application of this rule contradict or contravene the particular Illinois statute upon which the plaintiff's cause of action is founded? The proviso of such statute is as follows: "Provided, that every

4. SAME.

such action shall be commenced within one year after the death of such person.''

This action was *commenced* in the Iowa court within one year. Such call of the statute is therefore answered. The manner of commencing the action in Iowa was necessarily the Iowa manner of commencing an action and not the Illinois manner. Upon commencement of the action, the jurisdiction of the Iowa court attached. The methods of pleading and procedure were necessarily those of the forum and not of the sister state. The manner of commencing a personal action in Iowa is by serving an original notice and not by the filing of the petition. The action could have been commenced by the serving of a notice before the expiration of one year, and this could have been properly followed by the filing of a petition after the expiration of such period. If this petition could be filed after the expiration of one year, why not an amendment also? The identity of the cause of action is not made to depend upon perfection of allegation; nor is the identity changed by the filing of a mere amendment. Though the petition be demurrable, that fact does not lift the toll of the statute. *Kuhns v. Railway Co.*, 76 Iowa, 67; *Thayer v. Coal Co.*, 129 Iowa, 550; *Cahill v. Railway Co.*, 137 Iowa, 577; *Myers v. Railway Co.*, 152 Iowa, 330. We think it clear, therefore, that the particular statute of Illinois, out of which the cause of action arose, was fully complied with by the commencement of this action within one year, and that such statute was in no manner contravened by the subsequent procedure.

5. SAME: procedure.

The jurisdiction of our court having attached while the cause of action was valid and before the statute had run, the court must necessarily ascertain the rights of the parties under such statute in accordance with its own rules of pleading and procedure and not in accordance with those of the foreign jurisdiction. *Johnson v. Railway Co.*, 91 Iowa, 248; *Dorr Cattle Co. v. First National Bank*, 127

Iowa, 161; *Strong v. Railway Co.*, 150 Iowa, 3. It follows that the filing of the amendment by plaintiff did not render the statute of limitations available to the defendant as of that date.

The foregoing comprise the principal legal questions presented for our consideration. The defendant urges that the verdict was excessive. The record will not justify our interference on that ground. Some other minor questions are suggested, but we find no prejudicial error in the judgment of the district court, and it must therefore be *Affirmed*.