## Charles Enberg, Plaintiff in Error, v. City of Chicago, Defendant in Error.

### Gen. No. 20,145.

MUNICIPAL CORPORATIONS, § 1234*—*when notice of suit must be alleged.* Where a statement of claim in a fourth-class suit commenced in the Municipal Court against a city to recover for personal injuries fails to allege the giving of notice of the accident to the city as required by section 2 of the Act of 1905 (Hurd's St. 1912, p. 1290, ch. 70, J. & A. ¶ 6190) it is defective, and an amended statement alleging the giving of such notice but filed more than one year after the accident is open to the plea of the statute of limitations.

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed January 5, 1915. Rehearing denied January 16, 1915.

JOHN E. ERICKSON, for plaintiff in error.

WILLLIAM H. SEXTON and N. L. PIOTROWSKI, for defendant in error; DAVID R. LEVY, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

On November 27, 1912, Charles Enberg, plaintiff, commenced an action of the fourth class in tort in the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Municipal Court of Chicago against the City of Chicago. In his statement of claim plaintiff alleged, in substance, that his claim was for damages on account of personal injuries sustained by him on June 24, 1912, at Kinzie street and the river in said City, as a result of the negligence of the bridge tenders and servants of the defendant in lifting or raising the bridge, crossing the river at said Kinzie street, while plaintiff was upon and crossing said bridge, whereby he sustained a fall from the bridge and was severely injured, etc.

In 1905 the legislature passed an act entitled "An Act concerning suits at law for personal injuries and against cities, villages and towns." Hurd's St. 1912, p. 1290, ch. 70. (J. & A. ¶¶ 6189 et seq.) Section 1 of said act provides, in substance, that no such suit at law shall be brought in any court within this state by any person unless the same be commenced "within one year from the time such injury was received or the cause of action accrued." Section 2 provides, in substance, that any person, about to bring any such suit at law in any court, shall, within six months from the date of injury or when the cause of action accrued, either by himself, agent or attorney, file in the office of the city attorney, if there is a city attorney, and also in the office of the city clerk, a statement in writing, giving certain particulars, mentioned in the section, of the accident. Section 3 provides, in substance, that if the "notice" provided for by section 2 be not filed as provided, then any such suit "shall be dismissed and the person to whom any such cause of action accrued for any personal injury should be forever barred from further suing."

Plaintiff's said statement of claim did not contain any allegation to the effect that notice, as provided in section 2 of said act, had been given to the City. On October 15, 1913, more than one year after the happening of the accident as alleged, plaintiff, by leave of court, filed an amended statement of claim, containing

substantially the same allegations as the original statement and the additional allegation that "notice of the said accident and injuries was served upon the defendant, as required by statute, on to-wit, the 15th day of August, A. D. 1912."

To this amended statement of claim the City filed an affidavit of merits in which it was stated, *inter alia,* that the City was not liable because plaintiff's amended statement of claim alleges a new cause of action and is subject to the statute of limitations, etc.

It appears from the statement of facts, signed by the judge and contained in the clerk's transcript, that on December 6, 1913, the parties appeared by their respective counsel, and counsel for the City moved the court to dismiss the cause, stating that he had previously notified plaintiff's counsel that upon the hearing he would raise the objection, as stated in the affidavit of merits, that plaintiff's amended statement of claim alleged a new cause of action and was barred by the statute of limitations; that plaintiff's counsel had requested him to raise said objections before the trial; and that both parties had agreed that said objections be then considered by the court and decided. Thereupon argument was had, and on December 8, 1913, the court stated that the motion of the City would be allowed, and that for the purpose of having the record in proper shape for an appeal the following order would be entered, to wit: "Plaintiff demurs to defendant's plea of the statute of limitations. Plaintiff's demurrer overruled. Plaintiff elects to stand by his demurrer. Motion of plaintiff in arrest of judgment for costs against the plaintiff overruled. Judgment against plaintiff for costs." It further appears from the clerk's transcript that on December 8, 1913, the following proceedings were had: "Now comes the defendant in this cause and moves the court to dismiss this suit out of this court, which motion the court sustains."

It is here assigned as error that the court erred in overruling plaintiff's demurrer to defendant's plea of the statute of limitations, and in dismissing the suit and entering judgment against plaintiff for costs. It is argued that because this is a fourth-class suit commenced in the Municipal Court and because of the provisions of sections 3 and 40 of the Municipal Court Act (J. & A. ¶¶ 3315, 3352), the decision in the case of *Walters v. City of Ottawa,* 240 Ill. 259, is not applicable. In that case the declaration in a personal injury suit, commenced in the Circuit Court of La Salle county against the City of Ottawa, failed to aver that the notice or statement required by section 2 of said act of 1905 was given as therein required, and it was held that such declaration stated no cause of action, and that an amendment to the declaration, supplying such averment, filed more than one year after the injury, was open to the plea of the statute of limitations. In the present case plaintiff's original statement of claim did not contain such an averment as to such a notice, and his amended statement of claim supplied the missing averment, but the amended statement was not filed until more than one year after the happening of the accident and when plaintiff received the injuries complained of. We are of the opinion that the same rule should be applied in the present case. As said by this court in *Devine v. Metropolitan West Side El. Ry. Co.,* 162 Ill. App. 629, 632: "We are not prepared to hold that it is not necessary that the statement of claim, filed in the Municipal Court in cases of the fourth class, should state a cause of action. Nothing in the Municipal Court Act justifies the assumption that it was intended to abolish the necessity of stating a cause of action in this class of cases."

The judgment of the Municipal Court of Chicago is affirmed.

*Affirmed.*