THIRD DISTRICT—JULY, 1918. 105

Vose v. Central Illinois Public Service Co., 212 Ill. App. 105.

## Lyman B. Vose et al., Appellees, v. Central Illinois Public Service Company, Appellant.

1. PLEADING, § 273*—*when plea of general issue will stand as plea to amended declaration as amended.* A plea of the general issue, which is filed to an original amended declaration and which would have been a good plea to any declaration in the form of action used, will be considered as standing as a plea to the amended declaration as amended, even though no pleas were filed to the declaration after the final amendment and no order was entered to have the existing plea of general issue stand as a plea to the amended declaration as amended.

2. PLEADING, § 273*—*when special pleas will not stand as pleas to amended declaration as amended.* Where, after an amendment to a declaration and the sustaining of demurrers to special pleas to the amended declaration, the declaration is again amended, the special pleas will not be considered as standing as pleas to the amended declaration as amended.

3. APPEAL AND ERROR, § 425*—*when error in sustaining demurrer to special pleas to amended declaration not preserved for review.* The question of error in sustaining a demurrer to special pleas to an amended declaration is not reviewable where the special pleas are not renewed to the declaration as finally amended a second time, and under which the trial is had.

4. PLEADING, § 466*—*when verdict does not cure defect in declaration.* If a declaration omits to allege any substantial fact which is essential to a right of action, and which is not implied in or inferable from the findings of those which are alleged, a verdict for plaintiff does not cure the defect.

5. WORKMEN'S COMPENSATION ACT, § 12*—*non-necessity that employer, in action against third person, aver acts showing election by latter not to be bound by act.* In an action under section 29 of the Workmen's Compensation Act [Callaghan's 1916 St. Supp. ¶ 5475(29)] by an employer, a telephone company, against an electrical company to recover for the death of an employee of plaintiff, alleged to be due to the negligence of defendant, it is not necessary that plaintiff aver any acts on the part of defendant tending to show that it had not elected not to be bound by the act, where it is averred that defendant is an employer engaged in the business of electrical work, since by section 2 of the Act [Callaghan's 1916 St. Supp. ¶ 5475(2)], every such employer is

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

106    APPELLATE COURTS OF ILLINOIS.

Vose v. Central Illinois Public Service Co., 212 Ill. App. 105.

conclusively presumed to have filed notice of his election to be bound by the act, unless and until a notice in writing to the contrary is filed with the Industrial Board and furnished personally to his employees or posted as provided therein.

6. WORKMEN'S COMPENSATION ACT, § 12*—*when omission in declaration, in action by employer against third person, is cured by verdict.* In an action under section 29 of the Workmen's Compensation Act [Callaghan's 1916 St. Supp. ¶ 5475(29)] by an employer, a telephone company, against an electrical company, to whose negligence it is claimed the death of a telephone lineman, climbing a telephone pole carrying also defendant's wires, was due, to recover the amount of the award paid the estate of the employee, even if it be necessary to allege the fact that defendant had elected to be bound by the act, such fact would be clearly implied or inferred, by force of the statute, from the averment that defendant at the time of the accident was an employer engaged in electrical work, and an omission so to do would be cured by the verdict.

7. WORKMEN'S COMPENSATION ACT, § 18*—*when shown that death of employee was not proximately caused by negligence of employer.* The evidence was sufficient to sustain the finding, in an action by an employer, a telephone company, under section 29 of the Workmen's Compensation Act [Callaghan's 1916 St. Supp. ¶ 5475(29)], against an electrical company, to whose negligence it was claimed the death of a telephone lineman was due, to recover the amount of an award paid to the estate of the employee, that the death of deceased was not proximately caused by the negligence of the employer where, although no one saw the accident, the evidence tended to show that deceased was a careful man; that he was in the tree, through which the telephone and electric wires ran, repairing a telephone wire; that the insulation on one of the high-voltage wires of the electrical company had become defective and worn and that it was in such a condition as to be dangerous to the life of any one coming in contact with it, and both plaintiff and defendant used the same poles for their wires.

8. ELECTRICITY—*when duty lies upon telephone and electrical company to keep wires in condition to avoid injury to employees of other.* Where a telephone company and an electrical company use the same poles for their wires and each knows that employees of the other will have occasion to repair the respective wires from time to time, a duty devolves upon each company to use reasonable care to keep its respective wires in such a reasonably safe condition as not to cause injury to the employees of the other.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

9. WORKMEN'S COMPENSATION ACT, § 12*—*when evidence that insurance company paid bills of doctor and hospital, and amount of award is properly excluded.* In an action by an employer, under section 29 of the Workmen's Compensation Act [Callaghan's 1916 St. Supp. ¶ 5475(29)], against a third person, to whose negligence the death of an employee is claimed to have been due, to recover the amount of the award and medical and hospital expenses paid to the estate of the employee, it is proper to exclude evidence that an insurance company paid the bills of the doctor and hospital and the award by the Industrial Board, and that plaintiff was not damaged.

10. WORKMEN'S COMPENSATION ACT, § 12*—*when coroner's verdict is admissible.* In an action by an employer, a telephone company, under section 29 of the Workmen's Compensation Act [Callaghan's 1916 St. Supp. ¶ 5475(29)], against an electrical company, to whose negligence in maintaining its wires carried on the same poles as plaintiff's, the death of a telephone lineman by electrical shock was due, to recover the amount of the award paid to the estate of the employee, *held* that the coroner's verdict was competent evidence.

11. WORKMEN'S COMPENSATION ACT, § 12*—*when order of Industrial Board allowing award is admissible in evidence.* In an action by an employer under section 29 of the Workmen's Compensation Act [Callaghan's 1916 St. Supp. ¶ 5475(29)], against a third person, to whose negligence the death of plaintiff's employee was claimed to be due, to recover the amount of an award paid to the estate of the employee, it was proper to admit in evidence the order of the Industrial Board allowing the award, since this was the best evidence of the amount so awarded.

Appeal from the Circuit Court of McDonough county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed July 15, 1918.

VAUSE, HUGHES & KIGER, for appellant.

H. L. HOWARD and LAWYER & HAINLINE, for appellees.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

The appellees, Lyman B. Vose, J. L. Scott, Harry

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

108 APPELLATE COURTS OF ILLINOIS.

Vose v. Central Illinois Public Service Co., 212 Ill. App. 105.

Blout and T. Z. Creel, in 1915, were engaged in operating a telephone system. They had possession of the assets of the Western Illinois Telephone Company and were doing business under the name and style of Reorganization Committee of said company. This committee operated sixteen telephone exchanges in McDonough and other counties and had a telephone system in the City of Bushnell. A line of poles had been erected on Hail street and a number of wires were strung on the cross arms attached to said poles, and three of the wires were attached to the poles themselves. A single cross arm supporting the telephone wires was located near the top of each pole. Below the telephone wires there was another cross arm which supported three high-tension electric wires, carrying 2,200 volts each, and owned or controlled by appellant. All the wires ran through the branches of a certain tree located between two of the poles. Forest Shanks was an employee of appellees as a lineman and on June 7, 1915, proceeded to repair a broken telephone wire located in the tree in question. He was found about noon on that day lying beneath the tree and very badly burned under the arm and about the feet where the hook of the steel climbers which he had on were attached. He died of his injuries June 11th. His widow, as administratrix of his estate, filed a petition for compensation with the Industrial Board for a lump-sum settlement. An award of $2,129.61 was adjudged against appellees, which they paid, together with a hospital bill of $41.50 and the surgeon's bill of $151.50, making the total amount paid by appellees the sum of $2,370.61.

Appellees then brought this action against appellant under section 29 of the Workmen's Compensation Act of 1913 [Callaghan's 1916 St. Supp. ¶ 5475(29)] to recover the amount they were compelled to pay to the administratrix of the estate of the deceased. An amended declaration consisting of four counts was

filed, to which appellant demurred. The demurrer was overruled and thereupon appellant filed the pleas of general issue and two special pleas. A demurrer was sustained to the two special pleas and subsequently the amended declaration was amended. No pleas were filed to the declaration as finally amended, nor was any order entered to have the existing plea of the general issue stand as a plea to the amended declaration as amended. The plea of general issue, however, having been filed to the original amended declaration, and which would have been a good plea to any declaration in the form of action used, will be considered as standing as a plea to the amended declaration as amended. *Eames v. Morgan*, 37 Ill. 260; *McAllister v. Ball*, 28 Ill. 210. This rule, however, has never been extended to special pleas. Appellant abides by its special pleas to the original amended declaration, and one of the errors assigned in this court is the sustaining of the demurrer to said pleas. This question is not before us because the special pleas were not renewed to the declaration as finally amended and under which the trial was had.

The declaration as finally amended failed to aver that appellant had elected to provide and pay compensation according to the provisions of the Workmen's Compensation Act, and the point most strenuously urged on this appeal is that the lack of such an averment makes the declaration so defective that it will not sustain the judgment. No motion in arrest of judgment was made, and the sufficiency of the declaration as finally amended is sought to be presented by the refusal of the trial court to grant a motion made by appellant at the close of all the evidence, to give to the jury a written instruction directing it to find appellant not guilty.

So much of section 29 of the Act [Callaghan's 1916 St. Supp. 5475(29)] as is necessary to be considered is as follows: "Where an injury or death for which

110     APPELLATE COURTS OF ILLINOIS.

Vose v. Central Illinois Public Service Co., 212 Ill. App. 105.

compensation is payable by the employer under this Act was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by this Act, then the right of the employee or personal representative to recover against such other person shall be subrogated to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained, in an amount not exceeding the aggregate amount of compensation payable under this Act, by reason of the injury or death of such employee. Where the injury or death for which compensation is payable under this Act was not proximately caused by the negligence of the employer or his employees and was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages, such other person having elected not to be bound by this Act, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act, but in such case if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative.''

Section 2 of the Act [Callaghan's 1916 St. Supp. ¶ 5475(2)] is as follows: ''Every employer enumerated in section 3, paragraph (b), shall be conclusively presumed to have filed notice of his election as provided in section 1, paragraph (a), and to have elected

to provide and pay compensation according to the provisions of this Act, unless and until notice in writing of his election to the contrary is filed with the Industrial Board and unless and until the employer shall either furnish to his employee personally or post at a conspicuous place in the plant, shop, office, room or place where such employee is to be employed, a copy of said notice of election not to provide and pay compensation according to the provisions of this Act; which notice of non-election if filed and posted as herein provided, shall be effective until withdrawn; and such notice of non-election may be withdrawn as provided in this Act.''

One of the occupations, enterprises or businesses named in section 3 [Callaghan's 1916 St. Supp. ¶ 5475(3)] is "electrical work." Each count of the amended declaration as amended charges that appellant kept and maintained certain and numerous wires which at said time and place were charged with electricity of a high power and voltage, at the direction of appellant and by reason of the operation and control thereof by appellant. In the case of *McAndrews v. Chicago, L. S. & E. Ry. Co.*, 222 Ill. 232, it is stated, "The rule is, if the declaration omits to allege any substantial fact which is essential to a right of action and which is not implied in or inferable from the findings of those which are alleged, a verdict for the plaintiff does not cure the defect. (*Foster v. St. Luke's Hospital*, 191 Ill. 94.)'' The converse of this proposition must also be true, viz., that if such material facts can be implied or inferred from the findings of those which are alleged, then the verdict for the plaintiff will cure the defect. The facts charging appellant with being an employer engaged in the business of electrical work are averred in each count, and section 2 of the Act [Callaghan's 1916 St. Supp. ¶ 5475(2)] provides that every such employer shall be conclusively presumed to have filed notice of his elec-

112     APPELLATE COURTS OF ILLINOIS.

Vose v. Central Illinois Public Service Co., 212 Ill. App. 105.

tion to be bound by the act unless and until a notice in writing of his election to the contrary is filed with the Industrial Board and furnished personally to his employees or posted as provided therein. It is true that there are no averments of any acts on the part of appellant tending to show that it had not elected not to be bound by the act, but such averments are unnecessary, because to hold otherwise would be to destroy the presumption created by this section. In actions brought against an employer to recover damages for the death of or personal injury to his employee, it is necessary to aver and prove that the employer had elected *not* to be bound by the act, for the reason that unless he had so elected, by virtue of section 6 [Callaghan's 1916 St. Supp. ¶ 5475(6)] no action at law could be maintained. This rule, however, has no application to cases of the character of the one at bar. The right of action in this case is specifically given by section 29 [Callaghan's 1916 St. Supp. ¶ 5475(29)]. There can be no presumption of a fact when the fact itself is established by proof. To compel a plaintiff in an action of this kind to allege and prove that the third person who caused the injury to its employee, and who it is alleged was an employer engaged in electrical work, also elected to be bound by the act would cause the plaintiff to allege and prove the very fact which the act itself says shall be conclusively presumed from the other facts which were alleged. All that is necessary to allege in actions like this are the facts which create the presumption, which was done in the declaration in this case. Even if it should be deemed necessary to allege the fact that appellant had elected to be bound by the act, such fact would clearly be implied or inferred, by force of the statute, from the averment that appellant at the time of the accident was an employer engaged in electrical work, and an omission so to do would be cured by the verdict.

The contention that the facts do not show that the death of the deceased was not proximately caused by the negligence of appellees cannot be sustained. No one saw the accident, but the proofs tend to show that the deceased was a careful and prudent man; that he was in the tree in question in the performance of his duty of repairing a wire belonging to appellees; that the insulation on one of the high-voltage wires of appellant had become defective and worn; that it was in such a condition as to be dangerous to the life of any one who might come in contact therewith and that appellant had long known its unsafe condition. Both appellant and appellees used the same pole to support its respective wires. Each knew that the employees of the other would have occasion to repair these wires from time to time, and a duty devolved upon each to use reasonable care to keep its respective wires in such a reasonably safe condition as not to cause injury to the employees of the other. Wires carrying a high voltage of electricity are always dangerous unless insulated, and it is the duty of the one owning or controlling such wires to at least use reasonable care to keep them in such reasonably safe condition that they will not injure those who might lawfully and rightfully come in proximity to them.

It is urged that the trial court erred in refusing to permit appellant to prove that an insurance company paid the bills of the doctor and hospital and the award allowed by the Industrial Board, and the appellees had therefore not been damaged. There was no error in this. Section 26 of the Act [Callaghan's 1916 St. Supp. ¶ 5475(26)] makes it compulsory upon an employer who elects to be bound by the act, to do one of four things, and one of these things which he may do is to (3) "insure to a reasonable amount his normal liability to pay such compensation in some corporation, association or organization authorized, licensed or permitted to do such insurance business in this

State." It would have been no defense, that the damages had been paid by an insurance company with which appellees might have had a contract, if such had been the fact.

The verdict of the coroner's jury was competent evidence. *Devine v. Brunswick-Balke-Collender Co.,* 270 Ill. 504. It was proper also to admit the order of the Industrial Board allowing the award. This was the best evidence of the amount so awarded, and the objection to its admission is without merit. What has been said disposes also of most of the criticisms to the instructions. Other errors have been argued and have been fully considered, but we find none which would justify a reversal of the judgment. The judgment is affirmed.

*Affirmed.*

MR. JUSTICE WAGGONER took no part in the decision of this case.